Victor T. **RODRIGUEZ** and His Wife, Mona J. Rodriguez, Plaintiffs–Appellants,

v.

**CROWN EQUIPMENT CORP.,** and Rust Equipment Co., etc., Defendants–Appellees.

No. 89–8053.

United States Court of Appeals, Fifth Circuit.

Feb. 14, 1991.

Jose Montes, Jr., Michael D. Volk, Volk & Montes, El Paso, Tex., for defendants-appellants.

David Jeans, Karl O. Wyler, III, El Paso, Tex., Roger Stanton, Stinson, Mag & Fizzell, Overland Park, Kan., for Crown Equipment Corp.

Larry W. Hicks, Daniel R. Malone, El Paso, Tex., for Rust Equipment.

Before JOHNSON, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Victor T. Rodriguez and his wife sued Crown Equipment Corp., a forklift manufacturer, and its local service agent, Rust Equipment Co., for injuries Victor suffered while operating a Crown forklift. The jury found against them and they here attack the exclusion of evidence of a similar accident and a trial court ruling that assertedly allowed an expert to express opinions at trial that differed from those expressed in his deposition. We affirm.

## I.

On August 28, 1986 Rodriguez was stocking merchandise bins with his forklift, a Crown model 30RCTT. He placed the forklift in reverse and began backing across the aisle. According to Rodriguez, he attempted to slow the forklift, first by "plugging,"[1] and then braking. When neither stopped the forklift Rodriguez "bailed out," but was pinned between the forklift and a merchandise rack.

Rodriguez and his wife then sued Crown and Rust, alleging that Rodriguez's injuries were the result of defective product design and negligence. Crown and Rust replied that the immediate cause of Rodriguez's injuries was his own negligence in operating the forklift.

At trial Rodriguez offered evidence of a subsequent accident involving another forklift operator at the same warehouse and with the same model forklift. This evidence consisted primarily of documentation of testing and repairs performed following the later accident, which Rodriguez argues occurred under substantially similar conditions within two weeks of his accident. The district court did not exclude all evidence of the alleged subsequent accident but granted a motion in limine, requiring permission at trial to present the evidence. At different points Rodriguez's lawyer approached the bench seeking permission, but without success.

Both sides relied heavily on the testimony of experts at trial. In depositions Clark, Rust's expert, made it clear that Rodriguez jumped from the forklift before the forklift hit the merchandise rack. Nevertheless, he attempted to rationalize Rodriguez's account of the accident. At trial Clark abandoned this attempt, asserting that Rodri-

---

1. "Plugging" is the process by which the forklift operator, manipulating a lever that controls both speed and direction, brings the vehicle to a stop by moving the lever from the reverse to the forward position, or vice versa.

guez must have been "leaning out" of the operator's compartment of the forklift when the accident occurred. The court permitted this testimony, over Rodriguez's objection that it was a new theory of the accident.

## II.

Rodriguez argues that evidence of a later accident was probative of his design defect theory and that this evidence should have been admitted to substantiate the conclusions of his expert, who relied on these reports in developing his opinions. Finally, Rodriguez claims that the evidence should have been admitted for the limited purpose of impeaching the testimony of Rust's expert regarding the condition of the forklift following his accident.

We will not disturb a district court's ruling on the admissibility of evidence unless we determine that the ruling constitutes an abuse of the court's discretion. *McGonigal v. Gearhart Industries, Inc.*, 851 F.2d 774, 777–78 (5th Cir.1988). We have required litigants seeking to admit evidence of subsequent accidents to demonstrate relevancy by showing that the accidents involved "substantially similar" circumstances. *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082 (5th Cir.1986); *Bailey v. Kawasaki–Kisen, K.K.*, 455 F.2d 392, 397 (5th Cir.1972). We do not find proof of substantial similarity in the record. Any error was not preserved for our review.

## III.

Rodriguez insists that Jackson's trial testimony differed substantially from that given earlier in depositions. Rodriguez argues that this shift was a surprise; that he was unable adequately to respond to Jackson's new theory of the accident. We disagree.

The inauguration of formalized discovery did not render every trial a staged performance. Trial lawyers, and witnesses alike, must react to shifting fact patterns, developing arguments, and refined lines of inquiry. It is not surprising then that we have limited reversible error for unfair sur-

prise "to situations where *a completely new issue* is suddenly raised or a previously unidentified expert witness is suddenly called to testify." *F & S Offshore, Inc. v. K.O. Steel Castings, Inc.*, 662 F.2d 1104, 1108 (5th Cir.1981) (emphasis in original). This case involves neither.

Rodriguez was well aware from Jackson's deposition that Jackson had reservations about Rodriguez's description of the accident. When Rodriguez changed his description at trial, by explaining that he was backing across the aisle at an angle, not directly down the center of the aisle, Jackson modified his opinion of how Rodriguez must have been positioned to have sustained his injuries. This was not a new theory; indeed, Crown's expert, Craig Bertollett, offered essentially the same opinion at an earlier point in the trial.

Rodriguez's claim of surprise is also undermined by the fact that he did not request a continuance from the district court to prepare a response to Jackson's testimony. We look with disfavor on claims of unfair surprise by parties who did not attempt to counter the opponent's testimony.

AFFIRMED.