**Everdean MOORE, etc., et al., Plaintiffs–Appellants, Cross–Appellees,**

**v.**

**KELLER INDUSTRIES, INC., a Florida Corporation, Defendant–Appellee, Cross–Appellant.**

**No. 89–4613.**

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1991.

James W. Craig and Isaac K. Byrd, Jr., Jackson, Miss., for plaintiffs-appellants, cross-appellees.

John H. Holloman, III and Roland M. Slover, Jackson, Miss., for defendant-appellee, cross-appellant.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before POLITZ, WILLIAMS, and SMITH, Circuit Judges.

POLITZ, Circuit Judge:

This matter is on remand from the Supreme Court — U.S. ——, 111 S.Ct. 2820, 115 L.Ed.2d 991 for further consideration in light of *Edmonson v. Leesville Concrete Company,* — U.S. ——, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). Before us is a diversity suit brought by the survivors of Amos Moore against Keller Industries, Inc. for damages caused by an automobile accident involving Moore and a Keller employee. On the appeal we affirmed a judgment on jury verdict for the plaintiffs. On re-

consideration after remand, for the reasons assigned, we affirm.

### Background

The plaintiffs assign error in Keller's use of peremptory challenges to strike blacks from the jury. At the time of trial the district court applied our panel decision in *Edmonson v. Leesville Concrete Co.*, 860 F.2d 1308 (5th Cir.1988), which held that *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), applies to civil trials. The record before us, therefore, is fully developed regarding the *Batson* issue. When the case came before us on appeal the *Edmonson* panel decision had been replaced by our *Edmonson en banc* holding that *Batson* was not applicable to civil cases. 895 F.2d 218 (5th Cir.1990). It was this *en banc* opinion which the Supreme Court reversed. We therefore review the *Batson* claim advanced by the Moores in accordance with the Supreme Court's teachings in *Edmonson* and *Batson*.

Keller's counsel struck three jurors: Rackley, Bonner, and Fanning. Rackley and Bonner are black; Fanning is white. Counsel offered these reasons for striking the two black jurors:

> [A]mong the criteria used by the defendant to strike ... Rackley, first, his age. He's fairly elderly, in his 50s, which we felt may prejudice him towards the plaintiff due to the age of the deceased. He also has or noted a deceased parent, which we felt would bias him somewhat towards the plaintiff. I also noticed him to be fairly nonresponsive in terms of contemplating questions from both the plaintiffs' and the defendant's counsel during voir dire....
>
> [Bonner] apparently ... had a parent—a friend or a spouse who had suffered a death from trauma, which immediately raised a red flag for defense counsel which we think would prejudice her in plaintiffs' favor. She also appears to have some medical knowledge that may or may not be advantageous to the defendant, and I'm still not sure what the situation is with her son regarding the

auto accident. I don't think it was clear; and because it wasn't clear, I didn't want to take a chance on her, and I thought there was a good possibility that she could be prejudiced in favor of the plaintiffs.

The district court accepted these articulated reasons and made the factual finding that Keller's counsel did not strike the jurors for a discriminatory purpose.

### Analysis

The three-step process for evaluating *Batson* claims requires that the complaining party first make a *prima facie* showing that opposing counsel has exercised peremptory challenges on the basis of race. *Batson v. Kentucky*, 476 U.S. at 96–97, 106 S.Ct. at 1722–1723. Once this showing has been made the burden shifts to the striking party to articulate a race-neutral explanation for the strike. *Id.* at 97–98, 106 S.Ct. at 1723–1724. Thereafter the trial court must determine whether the *Batson* claimant has proven purposeful discrimination. *Id.* at 98, 106 S.Ct. at 1724. The district court has the discretion to fashion the procedure necessary to evaluate counsel's race-neutral explanation. *United States v. Clemons*, 941 F.2d 321 (5th Cir.1991). The trial court's decision on the ultimate question of discriminatory intent is a finding of fact usually accorded great deference on appeal because of the inherent credibility assessment. *Hernandez v. New York*, —— U.S. ——, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) (plurality) (citing *Batson*); *United States v. Valley*, 928 F.2d 130 (5th Cir.1991) (citing *United States v. Moreno*, 878 F.2d 817 (5th Cir.), cert. denied, 493 U.S. 979, 110 S.Ct. 508, 107 L.Ed.2d 510 (1989)).

Once counsel has offered a race-neutral explanation and the trial court has ruled on the ultimate issue of intentional discrimination, we need consider only the sufficiency of the race-neutral reasons articulated by Keller's counsel. *Hernandez v. New York*, 111 S.Ct. at 1866.

A neutral explanation is one "based upon something other than the race of the juror." *Clemons*, 941 F.2d at 324–25 (cit-

ing *Hernandez*). The reasons offered in this case include age, familial relationships, appearance during questioning, responsiveness to questions, and background knowledge that raised the possibility of bias. We previously have found age and appearance to be legitimate reasons and have allowed trial counsel to rely upon intuitive assumptions. An explanation "need not be quantifiable" provided that the intent is not race-based. *Clemons*, 941 F.2d at 325. We also have found "disinterested demeanor" and "inattentiveness" to be valid, race-neutral reasons for peremptory strikes. *United States v. Roberts*, 913 F.2d 211 (5th Cir. 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2264, 114 L.Ed.2d 716 (1991); *United States v. Melton*, 883 F.2d 336 (5th Cir. 1989); *United States v. Lance*, 853 F.2d 1177 (5th Cir.1988). *See also United States v. De La Rosa*, 911 F.2d 985, 991 (5th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991) (belief that a juror employed by a church-affiliated agency "basically wants to forgive people" was accepted); *United States v. Moreno*, 878 F.2d at 820–21 ("gut reaction" that commercial artist would be lenient toward narcotics offenders not a pretext).

■ The Moores maintain that Keller's explanations are pretextual. Notwithstanding counsel's assigned reasons, "an invidious discriminatory purpose may often be inferred from the totality of the relevant facts, including the fact, if it is true, that the [classification] bears more heavily on one race than another." *Washington v. Davis*, 426 U.S. 229, 242, 96 S.Ct. 2040, 2049, 48 L.Ed.2d 597 (1976) (quoted in *Hernandez*). The disproportionate exclusion of members of a certain race, while not prohibited in and of itself, may nonetheless serve as evidence that counsel's stated reason constitutes a pretext for racial discrimination. *Hernandez.*

■ The Moores argue that Keller's reasons were pretextual because white jurors similarly situated to Rackley and Bonner were not challenged. As to Rackley, the Moores argue that other jurors appeared elderly, that five jurors had deceased par-ents, and that the "nonresponsive" explanation is ambiguous and meaningless. Although Bonner also had a deceased parent, the Moores again complain that only two of the three available strikes were used on jurors with deceased parents. Regarding Bonner's medical knowledge, the Moores argue that one other juror was a nurse and another a dietician.

Keller responds that the nurse had once worked for one of its medical witnesses, and was thus more prone to be biased *for* Keller. Keller's counsel also minimized the overlap of the dietician's experience with the medical issues in the case. As to the auto accident that caused Keller's counsel concern, the Moores assert that Bonner's son was a defendant in that accident, a predicate for bias in favor of Keller. Defense counsel indicated confusion regarding this point, however, and had suggested at trial that the son's role was unclear.

The Moores had the burden of proving pretext and therefore racial intent. *United States v. Guerra–Marez*, 928 F.2d 665, 673 n. 9 (5th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 322, 116 L.Ed.2d 263 (1991). We accord "great deference" to the district court finding that that burden was not carried. *Id.* The fact that Keller did not use its third peremptory challenge against a black "substantially supports the finding of no discrimination." *United States v. Terrazas–Carrasco*, 861 F.2d 93, 95 (5th Cir.1988). Further, because multiple reasons led Keller's counsel to strike both Rackley and Bonner the existence of other jurors with some of their individual characteristics does not demonstrate that the reasons assigned were pretextual.

We reinstate our rulings on the issues decided on the appeal, reported in full at 937 F.2d 127 (5th Cir.1990).

For these reasons the judgment of the district court is AFFIRMED.