United States Court of Appeals,

Fifth Circuit.

No. 96-10018.

Sylvia GARCIA, Plaintiff-Appellant,

v.

EXCEL CORP., Defendant-Appellee.

Jan. 6, 1997.

Appeal from the United States District Court for the Northern District of Texas.

Before POLITZ, Chief Judge, and SMITH and DUHÉ, Circuit Judges.

PER CURIAM:

Raising a *Batson*[1] challenge, Sylvia Garcia appeals a judgment on an adverse verdict in her personal injury suit against her employer.[2] Concluding that Garcia's challenge was not made timely in the district court and, in addition, lacks merit, we affirm.

Garcia sued Excel Corporation for personal injuries allegedly sustained during the course of her employment as she lifted a large piece of meat from a conveyor belt. During *voir dire,* counsel for Excel used their three peremptory strikes to excuse an African-American and two Hispanic women from the venire. As seated, the

[1] *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

[2] Garcia's claim of a tortious injury resulting from negligence in the workplace on the part of her employer was allowed to proceed because Excel was a nonsubscriber under the Texas Workers' Compensation System. *See* Tex. Labor Code § 406.033.

jury was composed of one male and five females, one of whom was Hispanic. After the jury was seated and the balance of the venire was discharged and had left the courtroom, counsel for Garcia raised a *Batson* challenge, noting that Excel's counsel had used its peremptory strikes on minority members of the venire.

In support of her objection, Garcia asked the trial court to take judicial notice of the manner in which Excel had exercised peremptory excusals in prior similar cases. This request was denied, but the court asked counsel for Garcia to state the reasons for the strikes. Counsel advised that the three members of the venire were excused because of their work histories or that of their spouses. Finding the proffered explanation to be plausible, the district court rejected the *Batson* challenge and the case proceeded to trial and verdict.

The jury answered all liability questions in favor of Excel and the court entered a take-nothing judgment. Garcia moved for a new trial based, in part, on her *Batson* challenge and requested permission to engage in discovery aimed at uncovering an alleged pattern of discriminatory peremptory strikes by Excel. The motion was denied; this appeal timely followed.

Our circuit's well-established precedents clearly guide our path to today's disposition. We repeatedly have held that a *Batson*

challenge must be made before the venire is dismissed.[3]    If
opposing counsel does not raise an untimeliness objection to any
*Batson* challenge made thereafter, the trial court should note that
untimeliness *sua sponte* and reject the challenge.

In the instant case the *Batson* challenge was made after the
jury venire was dismissed and was thus untimely, but Excel's
counsel did not then object nor did the court, which addressed and
rejected the merits of the challenge.  On appeal Excel raises, for
the first time, its objection that the *Batson* challenge should have
been rejected as untimely filed.  That objection will not be
considered for two reasons:  (1) we will not consider on appeal
matters not first presented to the trial court;[4]  and (2) just as
a Batson challenge must be made timely or it will be rejected, an
objection to the timeliness of a *Batson* challenge must likewise be
made timely or it will be rejected.

We affirm the rejection of the *Batson* challenge, first
because it was untimely made and should have been dismissed on that
basis, and second because we agree with the trial court that it

---

[3]*See United States v. Abou-Kassem,* 78 F.3d 161 (5th Cir.),
*cert. denied,* --- U.S. ----, 117 S.Ct. 70, 136 L.Ed.2d 30 (1996);
*United States v. Maseratti,* 1 F.3d 330 (5th Cir.1993), *cert.
denied,* 510 U.S. 1129, 114 S.Ct. 1096, 127 L.Ed.2d 409 (1994);
*United States v. Romero-Reyna,* 867 F.2d 834 (5th Cir.1989), *cert.
denied,* 494 U.S. 1084, 110 S.Ct. 1818, 108 L.Ed.2d 948 (1990).

[4]*Forbush v. J.C. Penney Co.,* 98 F.3d 817 (5th Cir.1996);  *FM
Properties Operating Co. v. City of Austin,* 93 F.3d 167 (5th
Cir.1996).

lacks merit.  Excel proffered facially valid, race-neutral reasons for exercising its peremptory challenges to the three members of the venire.[5]  Garcia's action involved an alleged workplace injury and Excel expressed the view that it preferred not to have unemployed jurors or those with unemployed spouses.  It is not the court's province to pass upon the wisdom of the strikes but, rather, only upon whether they are facially valid.  The trial court determined that Garcia failed to carry her burden of proving purposeful discrimination.[6]  We find no error.[7]

The judgment appealed is AFFIRMED.

---

[5]*Purkett v. Elem,* --- U.S. ----, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995) (per curiam) (holding that exercising a peremptory strike on a juror for having long hair was facially valid).

[6]Adhering to *Purkett, supra,* this court recognizes that *Batson* challenges are divided into three steps of inquiry:  (1) the opponent of the peremptory challenge must make out a prima facie case of racial discrimination;  (2) the proponent of the strike must rebut the prima facie case with a race-neutral explanation for the strike;  and (3) the trial court must then decide whether the opponent of the strike has proven purposeful discrimination. *Id.* at ----, 115 S.Ct. at 1770-71.

[7]*United States v. Collins,* 972 F.2d 1385 (5th Cir.1992), *cert. denied,* 507 U.S. 1017, 113 S.Ct. 1812, 123 L.Ed.2d 444 (1993).  On appeal, Garcia urges this court to overrule our circuit and Supreme Court precedent regarding the *Batson* procedure.  We are bound to our circuit precedents and would not presume to ignore Supreme Court precedents or teachings.