# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-40402
Summary Calendar

ALVAJEAN GREEN,

Plaintiff - Appellant-Cross-Appellee,

versus

E. I. DUPONT DE NEMOURS COMPANY,

Defendant - Appellee-Cross-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(1:97-CV-189)

January 14, 2000

Before POLITZ, WIENER and EMILIO M. GARZA, Circuit Judges.

POLITZ, Circuit Judge:[*]

Alvajean Green appeals an adverse judgment on jury verdict in her Title VII employment discrimination case against her former employer, E. I. DuPont de Nemours Company. Green advances a **Batson**[1] challenge to jury selection and questions evidentiary rulings. DuPont appeals the trial court's rejection of its request for attorney's fees. Finding no error, we affirm.

## BACKGROUND

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]**Batson v. Kentucky**, 476 U.S. 79 (1986).

Green alleges that she was fired because of her race. During *voir dire*, conducted by the magistrate judge, DuPont's counsel exercised peremptory challenges to excuse three minority members of the venire. Green objected, urging the teachings of **Batson** and **Edmonson v. Leesville Concrete Co.,**[2] contending that the peremptory challenges were exercised in a racially discriminatory manner. After a **Batson** hearing the trial judge overruled the objection. The jury returned a verdict in favor of DuPont. The judge denied DuPont's request, made as a prevailing defendant, for attorney's fees. Both parties timely appealed.

## ANALYSIS

One may not exercise a peremptory strike based upon the race of a potential juror.[3] We review a district court's ruling on a **Batson** challenge for clear error, giving great deference to the trial judge who is in the best position to evaluate the credibility of the party excusing the juror.[4] That decision may be overturned only if "we are left with the definite and firm conviction that a mistake was committed."[5] Evaluation involves a three-step process. First, the party asserting the claim must establish a *prima facie* showing that the peremptory strike was made on the basis of race. Once established, the burden shifts to the striking party to

---

[2]500 U.S. 614 (1991) (extending **Batson** rule to civil case).

[3]**Batson; Edmonson.**

[4]**United States v. Bentley-Smith,** 2 F.3d 1368 (5th Cir. 1993).

[5]**Great Plains Equip., Inc. v. Koch Gathering Systems, Inc.,** 45 F.3d 962, 964 (5th Cir. 1995).

articulate a legitimate, reasonably clear, race-neutral reason for the strike.[6] At this step, the party accused of the discrimination need only offer a facially valid explanation for exercising the peremptory challenge.[7] "Unless a discriminatory intent is inherent in the ...explanation, the reason offered will be deemed race neutral."[8] Finally, the court must determine whether the complaining party has proven purposeful discrimination.[9] Because all minority members were stricken from the panel, we assume that plaintiff has established a *prima facie* showing that the peremptory challenges were racially motivated.[10]

Green contends that DuPont never offered a clear and reasonably specific race-neutral reason for the strikes. We are not persuaded. In response to the magistrate judge's inquiries, defense counsel stated that the reasons for striking the three members of the venire were their employment or lack thereof, lack of prior jury service, and body language. These are all valid, race-neutral reasons for exercising peremptory strikes.[11] Further, the statements concerning employment and jury service correspond to counsel's notes made during *voir dire* on the jury

---

[6]*Id.* at 964-65 (citations omitted).

[7]**Bentley-Smith,** 2 F.3d at 1373.

[8]**Hernandez v. New York,** 500 U.S. 352, 360 (1991).

[9]**Bentley-Smith,** 2 F.3d at 1373.

[10]*Id.*

[11]**Garcia v. Excel Corp,** 102 F.3d 758 (5th Cir. 1997) (employment status valid basis for exercising peremptory strike); **Moore v. Keller Indus., Inc.,** 948 F.2d 199 (5th Cir. 1991) ("disinterested demeanor" race-neutral reason); **United States v. Cure,** 996 F.2d 1136 (11th Cir. 1993) (prior jury service race-neutral reason).

check-in list. DuPont's counsel acquitted the burden of articulating facially valid race-neutral reasons for exercising the peremptory challenges. The trial judge did not err in concluding that Green failed to meet her burden of establishing purposeful discrimination.

Green seeks a reversal based on a claimed error in an evidentiary ruling. A trial judge's ruling on evidentiary matters will not be grounds for a new trial unless a substantial right of a party is adversely affected.[12] Our review of the record of this action persuades that the proffered testimony would not have affected the jury's verdict. We perceive no reversible error.

DuPont appeals the denial of its request for attorney's fees. A prevailing defendant in a Title VII case may be awarded attorney's fees where the plaintiff's action is found to be "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."[13] We review a denial of attorney's fees for abuse of discretion.[14] Green's claims survived DuPont's motion for summary judgment and its motion for a directed verdict. There was no abuse of discretion in the denial of DuPont's attorney fee request.

The decision appealed is, in all respects, AFFIRMED.

---

[12]Fed. R. Civ. P. 61.

[13]**Christianburg Garment Co. v. EEOC,** 434 U.S. 412, 422 (1978).

[14]**Hadley v. VAM P T S,** 44 F.3d 372 (5th Cir. 1995).