**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-60414
Summary Calendar

GARY CARTER REDDIN,

Plaintiff-Appellant,

versus

ROBINSON PROPERTY GROUP
LIMITED PARTNERSHIP, doing
business as Horseshoe Casino & Hotel,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi

February 7, 2001

Before POLITZ, DAVIS, and BENAVIDES, Circuit Judges.

POLITZ, Circuit Judge:

Gary Carter Reddin appeals the district court's grant of a new trial and various evidentiary rulings during his second trial. For the reasons assigned, we affirm.

## BACKGROUND

At just after midnight on May 7, 1995, Reddin entered the Horseshoe Casino in Tunica, Mississippi. As he walked up the gang plank connecting the shore to the gambling barge, he fell and injured his knee. A security guard witnessed the fall. Reddin entered the gaming area and shortly thereafter was treated in the EMT area after his knee began to swell. Subsequently, he had six operations culminating in a total knee replacement.

Reddin filed suit against Robinson Property Group, L.P., d/b/a Horseshoe Casino & Hotel. At a trial presided over by a magistrate judge by consent, the jury returned a verdict in his favor in the amount of $800,000. The trial court granted Horseshoe a new trial, citing the improper admission of subsequent remedial measures evidence, and an excessive verdict. Prior to the second trial, the court held an evidentiary hearing on Reddin's request for an adverse inference instruction relative to a missing tape that allegedly depicted his fall. The court gave an instruction on the missing tapes but declined to give an adverse inference instruction. The second trial resulted in a jury verdict for Horseshoe. The court denied Reddin's motion for judgment as a matter of law or alternatively a new trial. This appeal followed.

**ANALYSIS**

A.    <u>District Court's Grant of a New Trial</u>

"Our review of a district court's decision to grant a new trial is broader than our review of a district court's denial of a new trial, but the standard remains one of abuse of discretion."[1]  Our review of the ruling on the motion for a new trial reveals no such abuse.  The court gave sound and adequate reasons for its ruling and we find no basis to warrant reinstatement of the original jury verdict.  In the first trial Reddin was permitted to introduce evidence of Horseshoe's placement of warning signs and tape around the area of his fall.  The court correctly notes extensive case law holding that such evidence is inadmissible under Rule 407 of the Federal Rules of Evidence.  This fully justified the trial court's conclusion that allowing such evidence constituted prejudicial error.  Further, the court did not abuse its discretion in rejecting Reddin's contention that such evidence only served to impeach a Horseshoe witness, most notably because Reddin's counsel argued in closing that if nothing was wrong with the floor, "why did they rope it off?"  We find such error sufficient for the grant of a new trial.  We, accordingly, need not

---

[1]  <u>Carson v. Polley, et al.</u>, 689 F.2d 562, 570 (5th Cir. 1982) (citing <u>Reeves v. General Foods Corp.</u>, 682 F.2d 515, 519 n.6 (5th Cir. 1982); <u>Shows v. Jamison Bedding, Inc.</u>, 671 F.2d 927, 930 (5th Cir. 1982); <u>Conway v. Chemical Leaman Tank Lines, Inc.</u>, 610 F.2d 360, 362 (5th Cir. 1980)).

discuss the court's conclusion relative to the award of $800,000.

B.    Evidentiary Rulings During The Second Trial

Reddin next challenges various evidentiary rulings during his second trial. We review admission and exclusion of evidence for abuse of discretion.[2] An error in the exclusion of evidence is not grounds for reversal unless substantial rights are affected or unless the affirmance is inconsistent with substantial justice.[3] The burden of presenting an adequate record on appeal is on the appellant.[4]

Initially, Reddin challenges the district court's decision to refuse an adverse inference instruction for Horseshoe's alleged bad faith destruction of a video tape depicting the scene of the fall. The record excerpts do not include any reference to the evidentiary hearing on this issue, leaving us with little guidance as to the reasoning behind the district court's decision. Notwithstanding, we find our decision in Caparotta v. Entergy Corp.[5] instructive. In Caparotta the district court

---

[2]  United States v. Sharpe, 193 F.3d 852, 867 (5th Cir. 1999).

[3]  Bickerstaff v. South Central Bell Tel. Co., 676 F.2d 163, 169 (5th Cir.1982) (citing FED.R.CIV.P. 61; 28 U.S.C. § 2111).

[4]  Adams v. Johns-Manville Sales Corp., 783 F.2d 589, 592 (5th Cir. 1986) (citing FED.R.APP.P. 10(b)(2)). FED.R.APP.P. 10(b)(2) provides: If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.

[5]  168 F.3d 754 (5th Cir. 1999).

allowed evidence of missing documents to be admitted because it was relevant to Entergy's "credibility and reliability." We reversed, finding it was an abuse of discretion to permit evidence of the destruction of documents, stating: "Assuming that some probative value did exist as to the issues in this case, such value was minuscule. Contrastingly, the danger of unfair prejudice and confusion of the issues was substantial."[6] The district court did not abuse its discretion in denying Reddin's request for an adverse inference instruction.

Reddin also disputes the district court's refusal to allow testimony regarding subsequent remedial measures. The Federal Rules of Evidence dictate that "evidence of ... subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event."[7] The Rules also provide an exception when a party offers such evidence "for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment."[8] Reddin attempted to introduce evidence that Horseshoe employees taped off the area where his accident occurred, claiming that such evidence

---

[6] Id. at 758.

[7] FED. R. EVID. 407.

[8] FED. R. EVID. 407; See also Hardy, 870 F.2d at 1010 (discussing Rule 407 in the context of subsequent changes to a meat slicer).

impeached testimony elicited by Horseshoe that guards walked and crawled the entire floor and found no defect. Specifically, Reddin asserts that no scanning of the area could have occurred if the area were taped off. Evidence of the placement of warning signs or tape around an area with an alleged defect constitutes exactly the type of evidence contemplated by Rule 407. While its introduction may have touched tangentially on the credibility of testimony that security guards traversed the area, such does not establish that its exclusion by the trial judge constituted an abuse of discretion.[9]

Third, Reddin asserts that the trial court abused its discretion in denying his motion seeking to exclude evidence of injuries he sustained after the May 1995 incident. Specifically, Reddin challenges the introduction of evidence regarding a 1997 bus accident which he asserts occurred after his six knee surgeries and total knee replacement. The record before us does not reflect that he timely objected. As we have noted, "an overruled motion in limine does not preserve error on

---

[9] Reddin's brief contains no discussion of any time frame regarding the posting of such warnings or tape. It may be that security guards checked the area before the signs were put up, or that Horseshoe taped off a significantly larger area to allow for checking of the specific area of the fall. Without specific details regarding why such evidence would constitute impeachment, the record contains no basis for a challenge to the decision of the trial judge.

appeal."[10] We therefore review the court's evidentiary ruling for plain error,[11] reversing only for obvious and substantial errors that "'seriously affect the fairness, integrity, or public reputation of judicial proceedings.'"[12]

Reddin has failed to meet his burden on this issue. Our review of the record discloses no plain error in the admission of evidence relating to the subsequent injuries.

Reddin also urges error in the court's granting of Horseshoe's motion to exclude evidence of a subsequent fall, by a different patron, in the area where the incident occurred. In order for such evidence to be admissible the party offering same bears the burden of demonstrating that "the accidents involved substantially similar circumstances."[13] We find no record evidence revealing an attempt to establish the similarity between the two incidents, or even a proffer regarding a

---

[10] Rojas v. Richardson, 703 F.2d 186, 189 (5th Cir.1983); See also Wilson v. Waggener, 837 F.2d 220, 222 (5th Cir.1988) ("A party whose motion in limine is overruled must renew his objection when the evidence is about to be introduced at trial.").

[11] Marceaux v. Conoco, Inc., 124 F.3d 730, 733 (5th Cir. 1997); FED.R.EVID. 103(d).

[12] Highlands Ins. Co. v. National Union Fire Ins. Co., 27 F.3d 1027, 1032 (5th Cir.1994) (quoting United States v. Olano, 507 U.S. 725, 736 (1993)).

[13] Rodriguez v. Crown Equipment Corp., 923 F.2d 416, 418 (5th Cir. 1991); See also Bailey v. Kawasaki-Kisen, K.K., 455 F.2d 392, 397 (5th Cir.1972).

subsequent fall.  The trial court was acting within its discretion in excluding such evidence as unduly prejudicial under Rule 403.

Finally, Reddin disputes the trial court's refusal to allow him to call a rebuttal witness for the purpose of impeaching an EMT who treated him.  He maintains that the EMT denied making statements indicating that the carpet on the gang plank was "pulled up" and that Horseshoe should settle because they knew they were liable.  Reddin claims his witness was "prepared to impeach" the EMT. Determining the proper scope of rebuttal is within the sound discretion of the trial judge.[14]  There is nothing in the record to support the proposition that the trial court abused its discretion in refusing to allow this hearsay on rebuttal, or that such refusal affected Reddin's substantial rights.  The impeachment value of such hearsay evidence was slight because "the statement could not be used to prove the truth of its substance, but only to destroy the credibility of the witness."[15] Therefore, even if evidence impeaching the credibility of the EMT was wrongly excluded, such exclusion was harmless, particularly when viewed in the context of

---

[14]  Tramonte v.Fiberboard Corp., 947 F.2d 762 (5th Cir. 1991).

[15]  Whitehurst v. Wright, 592 F.2d 834, 840 (5th Cir. 1979).

all the other evidence.[16]

Reddin has not shown that the trial court abused its discretion in granting a new trial or in its evidentiary rulings during the second trial.

AFFIRMED.

---

[16] Bickerstaff v. South Central Bell Telephone Co., 676 F.2d 163, 169 (5th Cir. 1982) (viewing entire record and finding that any error in excluding the slight impeachment of experts was harmless).