# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 99-41078
_____

JERRY LEN WILLIAMS, JR,

Plaintiff - Appellant,

versus

WENDELL B WARREN, Etc; ET AL,

Defendants

WENDELL B WARREN, Lieutenant, Michael Unit

Defendant - Appellee.

Appeal from the United States District Court
For the Eastern District of Texas
Dist. Ct. No. 6:98-CV-468

April 10, 2001

Before POLITZ and EMILIO M. GARZA, Circuit Judges, and HEAD[*], District Judge.

PER CURIAM:[**]

Jerry Len Williams, Jr. ("Williams") appeals the dismissal of his 42 U.S.C. § 1983 claim

---

[*]    District Judge of the Southern District of Texas, sitting by designation.

[**]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against Wendell B. Warren ("Warren"). We affirm.

Williams filed a § 1983[1] claim against Warren, a lieutenant at the Michael Unit in which he was incarcerated, alleging that Warren used excessive force against him in conducting a strip search.[2] An altercation between Williams and Warren occurred incident to that search. Warren forced Williams to the ground, and in doing so Warren broke Williams's collar bone, which later required surgery to repair. A jury determined that Warren did not use excessive force and the district court entered a final judgment dismissing Williams's claims with prejudice. Williams timely appeals.

Williams makes several challenges to the admission of the testimony of Dr. Bown. As a preliminary matter, our standard of review governing these evidentiary issues is a source of debate between the parties. Williams asserts that he preserved his claims below, thereby requiring us to review them for abuse of discretion. *See, e.g.*, *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141, 118 S.Ct. 512, 517, 139 L.Ed. 2d 508 (where objection preserved below, reviewing challenges to evidentiary rulings for abuse of discretion). Warren contends that Williams did not, requiring us to review

---

[1]	42 U.S.C. § 1983 provides:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

[2]	Williams also originally named Dr. Kenneth Bown as a defendant in this suit, alleging that Dr. Bown acted with deliberate indifference by failing to properly treat his broken collar bone. The magistrate judge recommended the dismissal of this claim for failure to state a claim pursuant to 28 U.S.C. § 1915A(b). Absent any objection from Williams, the district court adopted the magistrate's recommendation and dismissed the claim.

Williams's claims for plain error only. *See, e.g.*, *Reddin v. Robinson Prop. Group Ltd. P'ship*, No. 00-60414, 2001 WL 55593 at *2 (5th Cir. 2001) (reviewing evidentiary ruling not objected to in the district court for plain error only). We do not have to resolve this dispute because his claims fail even if we assume *arguendo* that he preserved them.

First, Williams maintains that the district court abdicated its gate-keeping responsibilities under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), by allowing Dr. Bown, the Michael Unit's physician, to testify as an expert for the defendant. Williams contends that Dr. Bown lacked the qualifications to testify as an expert, and, as such, his testimony was supported only by speculation. We disagree.

Dr. Bown has been licensed to practice medicine since 1966 in Canada and since 1977 in the United States, giving him thirty years experience as a family practitioner. Dr. Bown has worked as a physician in prisons since 1996, and for the Texas Department of Criminal Justice at the Michael Unit since 1997. While testifying, he relied on his medical training and his thirty years experience as a family practitioner. Thus, contrary to Williams's contention, Dr. Bown "ground[ed his testimony] in the methods and procedures of science[,]" rather than mere "unsupported speculation." *Daubert*, 509 U.S. at 590, 113 S.Ct. at 2795.

Second, Williams alleges that Dr. Bown lacked sufficient qualifications to testify as to Williams's mental health and that this testimony prejudiced him. Specifically, Dr. Bown testified that Williams's psychiatrist prescribed Tegretol, which is commonly used to treat seizure disorders or to control anger and aggression. Williams took Tegretol to control his aggression. Dr. Bown also explained the process by which the prison administers medication to inmates. After describing this process, Dr. Bown testified that Williams had not followed the process, and, thus, was not taking the

Tegretol regularly at the time of the search. Moreover, Dr. Bown testified as to how a patient would respond if he failed to take such medication.

The district court did not abuse its discretion in allowing Dr. Bown to testify as to the common uses and effects of medication in light of Dr. Bown's medical training and thirty years experience. As to Williams's assertion of unfair prejudice stemming from Dr. Bown's testimony regarding the prescription of Tegretol to control Williams's aggression, Dr. Bown based his testimony on William's medical records, which were admitted without objection. Therefore, even if the district court erred by admitting Dr. Bown's testimony as to the medication, his testimony was cumulative of those records and the error was harmless. *See St. Martin v. Mobil Exploration & Producing U.S. Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (applying harmless error analysis to the erroneous admission of evidence); *Hughes v. Int'l Diving & Consulting Servs., Inc.*, 68 F.3d 90, 92-93 (5th Cir. 1995) (finding harmless error where there was "substantial evidence independent of" the expert's testimony to support plaintiff's claim). Additionally, Dr. Bown's testimony regarding the TDC procedures for dispensing medication at the Michael Unit and the day-to-day practice of those procedures was based on his personal knowledge, and was therefore admissible under Fed. R. Evid. 602.[3]

Third, Williams argues that Dr. Bown was unqualified to testify regarding broken collar bones. Dr. Bown estimated that he has treated 150 broken collar bones. Dr. Bown explained that only one of his patients underwent surgery, which the patient did for cosmetic reasons, because these

---

[3] Fed. R. Evid. 602 provides:
A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses.

injuries generally do not require surgery. Given Dr. Bown's education and work experience, the district court did not abuse its discretion in allowing him to testify as to collar bone injuries generally. Contrary to Williams's contention, the simple fact that Dr. Bown is not an orthopedic surgeon does not disqualify him as an expert. *See Carroll v. Morgan*, 17 F.3d 787, 790 (5th Cir. 1994) (rejecting appellant's contention that cardiologist needed to be a pathologist to be sufficiently qualified under *Daubert* to give expert testimony as to the relationship between the decedent's heart problems and his death). The strength of Dr. Bown's credentials go to the weight, not the admissibility of his testimony. *See Marceaux v. Conoco, Inc.*, 124 F.3d 730, 734 (5th Cir. 1997) (attack on expert's qualifications during cross-examination was an attack on his credibility).

Fourth, Williams asserts that the district court erred by allowing Dr. Bown to testify as to his collar bone injury because this testimony was not grounded in the methods or procedures of science. This contention is without merit. Dr. Bown treated Williams for this injury, reviewed his relevant medical and surgical records, and had viewed the videotape taken of Williams following the incident. Dr. Bown based his testimony on his medical training, his experience as a physician, and his experience treating collar bones, his treatment of Williams, Williams's medical history, and Williams's x-rays. Therefore, the district court did not abuse its discretion in admitting Dr. Bown's testimony as to Williams's injury.

Fifth, Williams contends that Dr. Bown lacked the qualifications to testify regarding the pain Williams suffered following surgery and his likelihood of a full recovery from that surgery. Even assuming that the district court abused its discretion in admitting this testimony, any error is harmless. *See St. Martin*, 224 F.3d at 405 (5th Cir. 2000) (applying harmless error analysis to the erroneous admission of evidence). The jury found that Warren did not use excessive force, obviating the need

for any findings regarding damages. Dr. Bown's opinions as to Williams's pain following surgery and his likelihood of a full recovery from surgery were relevant only to damages resulting from the alleged use of excessive force, not whether that force was excessive. Thus, Williams has not shown reversible error.

Sixth, Williams maintains that the admission of Dr. Bown's testimony regarding his broken collar bone was in error under Fed. R. Evid. 403.[4] In making this argument, Williams again challenges Dr. Bown's qualifications. For the reasons discussed above, this attack on Dr. Bown's qualifications is unavailing. Moreover, his testimony regarding broken collar bones generally was relevant because it bore on the amount of force necessary to cause Williams's injuries. In view of Dr. Bown's qualifications and the relevance of his testimony, the probative value was not substantially outweighed by the danger of unfair prejudice. Thus, the district court did not abuse its discretion in admitting it.

For the foregoing reasons, we AFFIRM the judgment of the district court.[5]

---

[4] Fed. R. Evid. 403 provides:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

[5] Under 5TH CIR. R. 42.3, the clerk's office dismissed Case No. 00-41227 for want of prosecution due to Williams's failure to timely pay the docketing fee. In Case No. 00-41227, Williams alleged that the district court erred in deducting for filing fees 60 percent of deposits made to his inmate trust account, when that account exceeded ten dollars. The deduction of 60 percent was reached by deducting 20 percent for each suit and appeal Williams filed. Williams contended that this per case assessment violated 28 U.S.C. § 1915(b)(2), which dictates how filings fees are to be paid for those prisoners proceeding *in forma pauperis*. Because of the dismissal of Case No. 00-41227, we do not address this issue. Moreover, neither the State of Texas nor the TDCJ is a party in this case. Instead, Williams brought suit against Warren, an officer of the TDCJ, who is without the authority to alter the State's deduction policy. Thus, Williams did not bring suit against the appropriate party in order to obtain the relief he seeks.