IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40363
Summary Calendar

_____

MICHAEL EUGENE PICKETT,

Plaintiff-Appellant,

versus

GARY L. JOHNSON ET AL.,

Defendants,

BRIAN CRAWFORD, Correctional Officer;
JULIUS ALLEN STALLING, Correctional Officer;
BOBBY W. BURNS, Correctional Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CV-62
--------------------
August 8, 2001

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Michael Eugene Pickett, Texas prisoner # 570886, appeals the
dismissal of his 42 U.S.C. § 1983 complaint following a jury
trial.

Pickett alleges in his brief that counsel for Defendants-
Appellees withheld evidence, specifically, medical records from
John Sealy Hospital dated January 28, 2000. There is nothing to

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

support Pickett's assertion that the defendants withheld the hospital record.

Pickett argues that the defendants did not produce a key trial witness, physician's assistant Ananda Babbili, in violation of the magistrate judge's pretrial order, and the magistrate judge's decision to proceed without Babbili prevented him from fully presenting his case.  Pickett makes no argument regarding to what Babbili would have testified or how proceeding without Babbili prevented him from fully presenting his case.  He has not shown that the magistrate judge abused her discretion in allowing the trial to proceed without Babbili.

Pickett contends that the defendants' medical expert, Dr. Robert Brock, committed perjury and gave false, conflicting, and inconsistent testimony.  However, Pickett points to no evidence in the record indicating that Dr. Brock's testimony was false or perjurious or that his medical opinion was unfounded.  To the extent that Pickett challenges Dr. Brock's credibility, this court does not weigh conflicting evidence or review credibility determinations made at trial.  See Martin v. Thomas, 973 F.2d 449, 453 & n.3 (5th Cir. 1992).

Pickett contends that the defendants used their peremptory challenges to exclude African-Americans from the jury, resulting in an all-white jury that was biased.  Because Pickett made no objection at trial to the defendants' strikes or to the composition of the jury, this issue is not reviewable.  See Garcia v. Excel Corp., 102 F.3d 758, 759 (5th Cir. 1997).

Pickett's motion for a subpoena duces tecum to compel the defendants to produce his medical records from John Sealy Hospital is DENIED.  His motion to correct the record on appeal is DENIED.

AFFIRMED; MOTION FOR A SUBPOENA DUCES TECUM DENIED; MOTION TO CORRECT THE RECORD ON APPEAL DENIED.