IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41319
Conference Calendar
_____


GERALD WAYNE OLIVE,

Plaintiff-Appellant,

versus

SIGIFREDO GONZALEZ, JR.;
NORMA VILLARREAL RAMIREZ, Judge,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-96-CV-3
--------------------
December 11, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Gerald Wayne Olive challenges the dismissal following the grant of a "directed verdict" at jury trial of his inadequate-medical treatment claim in this 42 U.S.C. § 1983 case. See Fed. R. Civ. P. 50(a). He makes no argument regarding the prior dismissal of his double-jeopardy and mail-interference claims, and those claims are therefore waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1983).

The appellant has the burden of including in the record on appeal transcripts of all proceedings relevant to the issues on

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal. See Fed. R. App. P. 10(b); Reddin v. Robinson Prop. Group Ltd. P'ship, 239 F.3d 756, 759 & n.4 (5th Cir. 2001). This court will not consider an issue about which the record on appeal is insufficient. Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992); Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990). Olive has not presented the trial transcript in support of his challenge to the dismissal of his inadequate-medical-treatment claim. By not providing the court the necessary record, Olive has failed to present an issue reviewable by this court.

Olive's argument that the district court erred in denying his discovery requests, depriving him of a fair trial, is frivolous. There is no indication in the record that discovery was sought and denied, nor is there any indication that a motion to compel discovery was denied.

Olive additionally contends that the trial court erred in denying him appointed counsel at trial. This claim is facially frivolous because Olive was in fact appointed counsel but requested that counsel be dismissed. To the extent that Olive again asks this court to appoint him appellate counsel, the motion is DENIED for the reasons previously stated. See Olive v. Gonzalez, No. 99-41319 (5th Cir. Jan 2, 2001). To the extent that Olive complains that appointed counsel performed deficiently prior to his dismissal, the claim is not cognizable. A civil litigant generally has no constitutional or statutory right to counsel. See Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982). Because Olive had no constitutional or statutory right to counsel in this civil rights case, he cannot complain about

counsel's allegedly deficient performance in this proceeding.

See Sanchez v. United States Postal Servs., 785 F.2d 1236, 1237 (5th Cir. 1986).

The instant appeal is wholly without arguable merit and is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.

In his appellate brief, Gonzalez requests that he be awarded costs and damages, pursuant to Fed. R. App. P. 38, for having to defend against a frivolous appeal. The request is DENIED for the reason that it has not been made in a separately filed motion as is required by Rule 38.

APPEAL DISMISSED; MOTIONS DENIED.