IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41012
Summary Calendar
_____


THOMAS SOSA,

                    Plaintiff - Appellant,

     v.

KEVIN MCKEE, Etc.; ET AL,

                    Defendants,

KEVIN MCKEE, Correctional Officer; JERRY BODIN, JR.,
Correctional Officer,

                    Defendants - Appellees.


--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:95-CV-1037
--------------------
April 5, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Thomas Sosa (TDCJ #668562) appeals the dismissal of his pro se and in forma pauperis (IFP) civil rights complaint wherein he argued that several correctional officers at his prison unit used excessive force against him.  The magistrate judge dismissed the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint after a trial in which the jury returned a verdict for the defendants.

Sosa first argues that the magistrate judge abused his discretion by failing to hold a final pretrial conference, thus depriving him of the opportunity to subpoena "key expert witnesses."  However, even assuming that no formal final pretrial conference was held, Sosa cannot demonstrate reversible error. Although Sosa's right to due process includes a right to fully litigate his case, such right does not necessarily include the right to a final pretrial conference.  Cf. Streber v. Hunter, 221 F.3d 701, 734 (5th Cir. 2000)(right to due process does not necessarily include right to make closing arguments).  Because he has not shown how the absence of the missing witnesses hampered his ability to fully and fairly litigate his claim, Sosa has not shown a denial of due process based on the absence of a formal final pretrial conference.

Sosa also argues that the magistrate judge denied him a fair trial and an impartial jury when he refused to allow him to exercise his peremptory challenges; however, a review of the trial transcript reveals that after repeated unsuccessful attempts to get Sosa to exercise the strikes, the magistrate judge determined that Sosa had waived his right to exercise the peremptory challenges.  The magistrate judge did not deny Sosa his right to exercise the challenges.

Sosa also argues that the magistrate judge abused his discretion by denying him appointed counsel. We review the denial of a motion to appoint counsel for an abuse of discretion. See Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).

The record demonstrates that the magistrate judge carefully considered whether Sosa had the ability to represent himself after all attempts to retain appointed counsel proved unsuccessful. He denied Sosa's request for inmate counsel based on a valid security concern. No abuse of discretion has been shown.

Sosa next argues that the magistrate judge should have granted his request to discover the complete disciplinary records of the defendants. The magistrate judge denied Sosa's request as overbroad, but required the defendants to submit any past disciplinary records that were based on improper uses of force. We review the district court's discovery decisions for an abuse of discretion. See Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1441-42 (5th Cir. 1993). We will affirm such decisions unless they are arbitrary or clearly unreasonable. Id.

The magistrate judge's ruling limiting Sosa's access to the defendants' disciplinary records to those incidents involving excessive force was a reasonable response to the overbroad request made by Sosa. Again, no abuse of discretion has been shown.

Finally, Sosa argues that the magistrate judge abused his discretion by refusing to allow him to introduce certain portions of an internal affairs report written in connection with the use-of-force incident.  According to the internal affairs report, Sosa was being truthful when he denied hitting Officer McKee in the chest with his fist.  We review the district court's evidentiary rulings for an abuse of discretion, and we will reverse on the basis of evidentiary errors only if they resulted in substantial prejudice.  See Thomas v. Texas Dep't of Criminal Justice, 220 F.3d 389, 394 (5th Cir. 2000).  Even if evidence is wrongly excluded, such exclusion will be reviewed for harmless error.  See Reddin v. Robinson Prop. Group Ltd. P'ship, 239 F.3d 756, 761 (5th Cir. 2001).

In the instant case, the exclusion of the polygraph examination did not result in substantial prejudice to Sosa's case.  The determinative issue was not whether Sosa's reaction to McKee could be defined as a "punch" or a "hit," but rather whether the force exercised by the officers in subduing and restraining Sosa was unnecessary or wanton.  Thus, while it is arguable that introduction of the polygraph results might have been helpful to Sosa's case, it cannot be said that the exclusion of such resulted in substantial prejudice to Sosa.  Any error was therefore harmless.

The judgment of the district court is AFFIRMED.