# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-10390
Summary Calendar

WARWICK PLAYER

Plaintiff-Appellant

v.

OFFICER LESLIE REESE

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-1918

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Warwick Player, Texas prisoner # 07065669, proceeding pro se, appeals an adverse jury verdict, which resulted in the dismissal of Player's civil rights action under 42 U.S.C. § 1983. (Player's motion to file a supplemental brief is GRANTED.)

Player asserts his trial counsel rendered ineffective assistance for failing to: (1) object during jury selection; (2) request a jury shuffle; and (3) inform the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jury that his drug charge was dismissed. This contention is without merit because the constitutional right to effective assistance of counsel does not apply in a civil context. Sanchez v. United States Postal Serv., 785 F.2d 1236, 1237 (5th Cir. 1986).

Player also contends the jury was selected unconstitutionally because jurors were not shuffled and there were no minorities on the jury. Because Player failed to object to the selection of the jury in the district court before the dismissal of the venire, the claim is untimely and must be rejected. See Garcia v. Excel Corp., 102 F.3d 758, 759 (5th Cir. 1997).

Player asserts the district court erred in admitting evidence of a prior conviction that did not exist. However, he does not point to a particular conviction or how it was introduced. We presume he refers to the reading of his signed judicial confession, wherein he admitted to possessing drugs on 6 September 2003. The events of 6 September 2003, were the subject of the instant § 1983 action (Player claims that, on that day, he was arrested without probable cause and excessive force was used). Player never objected to the reading of his confession at trial.

We review a district court's evidentiary rulings for abuse of discretion. See Valdez v. Cockrell, 274 F.3d 941, 957 (5th Cir. 2001). "An erroneous evidentiary ruling merits the reversal of judgment only where the challenged ruling affects a substantial right of a party." Id. (internal citation and quotation marks omitted). Moreover, if the complaining party does not properly object at trial to the admission of the evidence, we review the evidentiary challenge on appeal only for plain error. See Fed. R. Evid 103(d); United States ex rel. Small Bus. Admin. v. Commercial Tech., Inc., 354 F.3d 378, 389. Under this standard, we generally reverse only for "obvious and substantial errors that seriously affect the fairness, integrity, or public reputation of judicial proceedings". Reddin v. Robinson Prop. Group, Ltd. P'ship, 239 F.3d 756, 760 (5th Cir. 2001).

The record reveals the defense never introduced evidence of a conviction in connection with the facts surrounding the instant action. The signed judicial confession was read aloud to the jury during the cross-examination of Player, after he had testified on direct examination that he was not in possession of drugs on 6 September 2003. The judicial confession was admissible to impeach that testimony. See FED. R. EVID. 607; United States v. Opager, 589 F.2d 799, 801-02 (5th Cir. 1979) (holding that Federal Rule of Evidence 608(b), which bars the introduction of extrinsic evidence of specific conduct to attack or support a witness' character for truthfulness, is "inapplicable in determining the admissibility of relevant evidence introduced to contradict a witness's testimony as to a material issue"). In sum, there was no reversible plain error.

Player maintains the defense mischaracterized certain facts. This issue is inadequately briefed and is therefore waived. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED; MOTION GRANTED.