# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 24, 2012

No. 10-40775
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAMON EMANUEL ELLIOTT,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:08-CR-121-1

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges

PER CURIAM:*

A jury found Damon Emanuel Elliott guilty of two counts of assault of a corrections officer and one count of possession of contraband. He was sentenced to a total of 150 months in prison. On appeal, he challenges the Government's use of a peremptory strike to excuse venireperson Margie Jacques, arguing that it violated his constitutional rights in light of *Batson v. Kentucky*, 476 U.S. 79 (1986). In *Batson*, the Court delineated a three-step analysis for evaluation of a defendant's claim that a prosecutor used a peremptory strike in a racially

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discriminatory manner: (1) a defendant must make a prima facie showing that the prosecutor exercised his peremptory challenges on the basis of race; (2) the burden then shifts to the prosecutor to articulate a race-neutral reason for striking the juror in question; and (3) the trial court must determine whether the defendant carried his burden of proving purposeful discrimination. *Moody v. Quarterman*, 476 F.3d 260, 266 (5th Cir. 2007).

We review the district court's *Batson* determination for clear error. *See United States v. Denman*, 100 F.3d 399, 404 (5th Cir. 1996). The district court's decision that a prosecutor had a race-neutral reason for striking a member of the venire is a credibility determination which is entitled to deference. *United States v. De La Rosa*, 911 F.2d 985, 991 (5th Cir. 1990).

The record supports the district court's finding that the Government provided racially-neutral reasons for the peremptory challenge at issue. Specifically, Jacques's demeanor and her inattentiveness and disinterest were valid reasons for her exclusion. *See Hernandez v. New York*, 500 U.S. 352, 360-61 (1991); *United States v. Lance*, 853 F.2d 1177, 1180-81 (5th Cir. 1988); *Moore v. Keller Industries, Inc.*, 948 F.2d 199, 202 (5th Cir. 1991). Moreover, the district court itself confirmed on the record that Jacques was "quick, timid, and in a hurry to sit down and to disengage from this whole process." The district court was in the best position to observe and judge Jacques's demeanor during voir dire. *See United States v. Valley*, 928 F.2d 130, 136 (5th Cir. 1991). Elliott has not shown that the district court's decision was clearly erroneous. *See Denman*, 100 F.3d at 404. The judgment of the district court is AFFIRMED.