GOTHARD, Judge.
This is an appeal by the plaintiffs, Catherine and Charles Jones, of a trial court judgment in favor of the defendant, Jefferson Parish. For the following reasons, we affirm.

FACTS

On January 24, 1991, Mrs. Jones went to the West Bank Regional Library to return a book. While crossing the terrazzo floor in the rotunda of the library, she fell and suffered a broken ankle. As a result, the plaintiffs brought suit against Jefferson Parish alleging that the terrazzo floor was defective and created an unreasonable risk of harm to Mrs. Jones.
At trial, Mrs. Jones testified that it had rained earlier on the day of her accident but that it was not raining at the time she entered the library. Mrs. Jones stated that upon entering the library she did not wipe her feet as she crossed a carpeted area which surrounds the terrazzo floor. In regards to the fall itself, Mrs. Jones stated that she had walked one or two steps on the terrazzo floor when shejjfell forward, ending up with her face against the floor. However, Mrs. Jones testified that she did not know why she had fallen.
Gloria Small, a library custodial worker, testified that she had checked the area of the floor where Mrs. Jones was injured approximately twenty minutes before the accident. At that time, there was no water or foreign substance on the floor. Jane Sandler, the manager of the library, testified that immediately after the accident she checked the floor and found it to be clear and dry. Ms. Small further testified that she cleaned the terrazzo floor every other day with clear water, and that wax was never applied to the floor.
The plaintiffs sought to introduce evidence of subsequent slip and fall accidents which had occurred on the terrazzo floor. However, the trial court excluded this evidence on *572 the basis that it was not relevant to Mrs. Jones’s fall. Further, the court excluded evidence that, after Mrs. Jones’s accident, the defendant placed mats on the floor in the area where the accident occurred.
Charles Prewitt, who was accepted by the trial court as an expert in mechanical engineering, testified for the. defendant. Mr. Prewitt performed a test in May of 1994 to determine the amount of traction afforded by the terrazzo floor. Based on his test, Mr. Prewitt concluded that not only was the floor not unreasonably dangerous, but that it was in fact a slip resistant surface.
Based on the foregoing, the trial court concluded that the terrazzo floor was not inherently dangerous nor did it create an unreasonable risk of harm to Mrs. Jones. Instead, the court found it more likely that Mrs. Jones had tripped over her own feet. Thus, the court ruled in favor of the defendant. From this judgment, the plaintiffs have appealed.

\JSSUES

The plaintiffs have presented the following issues for our review: (1) whether the trial court erred in concluding that Mrs. Jones tripped rather than slipped; (2) whether the trial court erred in excluding evidence of subsequent accidents which occurred on the terrazzo floor; (3) whether the trial court erred in excluding evidence of subsequent remedial measures taken by the defendant; and (4) whether the trial court erred in relying on the expert testimony of Mr. Prewitt.

ANALYSIS

The trial court’s judgment is based primarily on its belief that Mrs. Jones tripped rather than slipped on the terrazzo floor. Therefore, we will first address whether the trial court erred in determining that Mrs. Jones tripped. The trial court’s finding on this issue is factual and, as such, is subject to the manifest error standard of review. Rosell v. ESCO, 549 So.2d 840, 844-45 (La.1989). The plaintiffs assert that there is no evidence in the record to support the trial court’s finding that Mrs. Jones tripped. The record reveals that Mr. Prewitt, the defendant’s expert witness, testified that the difference between a “slip” and a “trip” is that with a slip a person tends to fall backward while with a trip a person tends to fall forward. The defense counsel asked Mr. Prewitt if he had an opinion as to whether Mrs. Jones had slipped or tripped. However, the counsel for the plaintiffs objected to the question, causing it to be withdrawn. Thus, the plaintiffs argue that there is no evidence in the record as to whether Mrs. Jones slipped or tripped.
We disagree. Mrs. Jones did not testify that the floor was slippery; in fact, she stated that she did not know why she had fallen. Additionally, Mrs. Jones testified that she fell forward, which is consistent with tripping as opposed to slipping. Moreover, the record reveals that there was no water or foreign substance |son the floor which would have caused Mrs. Jones to slip. Based on the foregoing, we find no manifest error in the trial court’s ruling that Mrs. Jones tripped rather than slipped.
The plaintiffs next contend that the trial court erred in excluding evidence of three subsequent slip and fall accidents which occurred on the terrazzo floor. The trial court excluded the evidence of subsequent accidents on the basis that it was not relevant to Mrs. Jones’s fall. Louisiana jurisprudence establishes that evidence of prior accidents is admissible to show that a defendant had knowledge of a particular condition; subsequent accidents, on the other hand, are not relevant for this purpose. Lee v. K-Mart Corp., 483 So.2d 609, 612-13 (La.App. 1st Cir.1985), writ denied, 484 So.2d 661 (La.1986). However, evidence of subsequent accidents is relevant to establish that a thing is defective, provided that the accidents occurred at substantially the same place and under substantially the same conditions and are caused by the same or a similar defect as the accident sued upon. Id.; Creppel v. Louisiana Power and Light Co., 514 So.2d 239, 245 (La.App. 5th Cir.), writ denied, 516 So.2d 131 (La.1987).
Having reviewed the record, we find that none of the proffered evidence of subsequent accidents is similar enough to Mrs. Jones’s fall to be relevant. The plaintiffs argue that *573 the subsequent accidents should be admissible because they occurred at the same place, namely on the library’s terrazzo floor, and under the same conditions, days that were raining, as did Mrs. Jones’s fall. However, in all three of the proffered accidents, the victims slipped on the terrazzo floor, as evidenced by the fact that in each incident the person’s feet came out from underneath them. For example, the plaintiffs proffered evidence of a fall suffered by Patricia Martin. According to the accident report filed for Ms. Martin, she slipped |6on the wet floor and fell. A witness to the fall stated that Ms. Martin’s legs went out from under her.
Mrs. Jones, on the other hand, testified that she fell face forward and that she did not know why she had fallen. As discussed previously, the record supports the trial court’s conclusion that Mrs. Jones tripped, rather than slipped. Thus, the subsequent accidents offered by the plaintiffs, in which the victims slipped on the floor, were not caused by the same or a similar defect as that encountered by Mrs. Jones, who tripped. Accordingly, the trial court was correct in excluding the evidence of the subsequent accidents.
In their third assignment of error the plaintiffs contend that the trial court erred in excluding evidence of subsequent remedial measures taken by the defendant. The plaintiffs sought to introduce evidence that, sometime after Mrs. Jones’s accident, the defendant placed floor mats on the terrazzo floor. The general rule is that evidence of subsequent remedial measures is not admissible to prove negligence or culpable conduct. See La. C.E. art. 407. However, such evidence is admissible when offered for another purpose, such as proving ownership, authority, knowledge, control, or feasibility of precautionary measures, or for attacking credibility. Id.
In the instant ease, the only relevant exception is that which pertains to the feasibility of precautionary measures.[1] The prohibition against evidence of subsequent remedial measures is designed to bring within the scope of the rule any ^change, repair, or precaution implemented subsequent to an accident. Northern Assurance Co. v. Louisiana Power and Light Co., 580 So.2d 351, 357 (La.1991). Here, the installation of the floor mats occurred after the accident so the general prohibition against admissibility applies. Further, we find that the exception pertaining to the feasibility of precautionary measures is inapplicable in the instant ease. As discussed throughout, the evidence in the record indicates that Mrs. Jones tripped. However, the use of the mats on the terrazzo floor would presumably only prevent people from slipping on the wet floor, not tripping. In other words, the use of the floor mats is not a precautionary measure that would have prevented Mrs. Jones’s accident. Accordingly, it seems that the plaintiffs sought to introduce evidence of the subsequent installation of the floor mats to prove the negligence or culpable conduct of the defendant in this case. This, of course, is not allowed by La. C.E. art. 407. Therefore, the trial court did not err in excluding evidence of the installation of floor mats on the terrazzo floor subsequent to Mrs. Jones’s fall.
Finally, the plaintiffs argue that the trial court erred in placing any reliance on the expert testimony of Mr. Prewitt. As mentioned earlier, Mr. Prewitt conducted a test to determine the traction level of the terrazzo floor. From this test, Mr. Prewitt concluded that the floor was slip resistant. The plaintiffs do not challenge Mr. Prewitt’s qualifications as an expert but instead assert that his testimony lacked a proper factual foundation. Thus, the plaintiffs contend that Mr. Prewitt’s conclusions regarding the floor are irrelevant to Mrs. Jones’s fall.
The plaintiffs base their argument on several specific factual discrepancies between Mrs. Jones’s accident and the conditions un *574 der which Mr. Prewitt conducted his test. Initially, the plaintiffs point out that Mr. Prewitt used a leather material to test the traction of the floor whereas Mrs. Jones was wearing a shoe with |ga plastic sole at the time she fell. However, Mr. Prewitt testified that the leather material he used is the standard protocol for the test. Additionally, Mr. Prewitt testified that the plastic sole worn by Mrs. Jones is actually more slip resistant than the leather material which he used to conduct the test.
Further, the plaintiffs argue that the results obtained by Mr. Prewitt were flawed because he tested the floor when it was dry and it had rained on the day that the accident occurred. Thus, the plaintiffs argue that the test should have been conducted ■under wet conditions. However, the protocol for the test calls for the surface.of the floor to be dry. Additionally, the record reveals that the floor was dry when Mrs. Jones fell.
The plaintiffs next contend that the machine used by Mr. Prewitt did not meet the Underwriter’s Laboratory standard. Mr. Prewitt acknowledged this but explained that the Underwriter’s Laboratory standard requires use of a machine which is not portable. Thus, Mr. Prewitt testified that field testing by portable machines, such as the one he used, is an accepted practice. Further, Mr. Prewitt testified that the testing he performed conformed to a protocol established by the American Standard Testing Material Association.
In short, we find that Mr. Prewitt’s testimony had a proper basis. The trial court had the opportunity to view Mr. Prewitt’s testimony and give it the appropriate weight. Having reviewed the record, we cannot say that the trial court was clearly wrong in finding Mr. Prewitt to be a credible witness and therefore concluding that the floor was slip resistant and not inherently dangerous.
In conclusion, we cannot say that the trial court erred in finding that this unfortunate accident was caused by Mrs. Jones tripping over her own feet rather 18than by a defect in the floor or the negligence of the defendant. Therefore, the judgment appealed from is affirmed.
AFFIRMED.

. On cross examination, the plaintiffs were allowed to ask Mr. Prewitt whether the mats covered the area of the floor that he tested. Apparently, the plaintiffs sought to attack Mr. Prewitt’s credibility by questioning whether the floor was in the same condition when he tested it as it was when Mrs. Jones fell. In any event, the plaintiffs were allowed, pursuant to La. C.E. art. 407, to use evidence of the installation of the floor mats for the limited purpose of attacking the credibility of a witness.