**Nosratorllah GHAEMMAHAMI**
**Plaintiff**

v.

**WAL–MART STORES, INC. Defendant**

**No. CIV.A. 3:05–CV–538BS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

July 28, 2006.

Paul E. Rogers, Attorney, Jackson, MS, for Plaintiff.

Edley H. Jones, III, D. Stephen Brouillette, Jr., Wells, Marble & Hurst, Jackson, MS, for Defendant.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on Defendant's Motion for Summary Judgment. Having considered the Motion, Response, Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion is well taken and should be granted.

### I. Factual Background and Procedural History

The facts of this case are largely undisputed. On April 12, 2005, Plaintiff Nosratorllah Ghaemmahami purchased a riding lawn mower at the Wal–Mart store in Ridgeland, Mississippi.[1] After completing

---

1. Although Wal–Mart Stores, Inc. is named as     the Defendant in the matter, the Ridgeland,

his purchase, Plaintiff asked a Wal–Mart employee to put gasoline in the mower, but the employee informed Plaintiff that he would have to provide his own gas. Plaintiff then left the store to retrieve gasoline. Before returning, Plaintiff rented a truck and loading ramp to transport the newly purchased mower. Upon his return to Wal–Mart, Plaintiff filled the mower with gasoline and then asked a Wal–Mart employee to start the mower and drive it outside to the rented truck. The Wal–Mart employee refused Plaintiff's request, so Plaintiff started the mower himself and then drove the mower to the truck. When Plaintiff arrived at the truck, he attempted to drive the mower up the ramp, but before he could reach the top of the ramp, the mower fell back off the ramp and on top of Plaintiff.[2] As a result of the accident, Plaintiff alleges that he was knocked unconscious and sustained injury.

On August 2, 2005, Plaintiff commenced this action against Defendant in the First Judicial District of the Circuit Court of Hinds County. In his Complaint, Plaintiff alleges that his alleged injuries were proximately caused by the following negligent acts or omissions of Defendant: failing to take preventive measures to protect Plaintiff's safety, failing to provide a safe and adequate loading dock, and failing to provide assistance in loading merchandise.

Defendant removed the case to this Court on September 2, 2005, on the basis of diversity of citizenship jurisdiction. On May 17, 2006, Defendant filed the instant Motion for Summary Judgment. This Court has jurisdiction of this case and will now consider that Motion.

## II. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also, Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence

---

Mississippi Wal–Mart facility is actually owned by Wal–Mart East, L.P.

**2.** There appears to be some dispute over whether assistance was offered to Plaintiff when he arrived at the truck. Plaintiff alleges that he asked the Wal–Mart employee to drive the mower up the ramp onto the truck, but that the employee refused. However, the employee alleges that he offered to drive the mower up the ramp, but Plaintiff would not allow him.

of evidence to support the non-moving party's claim. *Id.* at 323–24, 106 S.Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir.1962).

## III. Analysis

In his Response, Plaintiff essentially argues that Defendant had a duty to assist him in loading the mower and that Defendant breached that duty by not providing assistance. Plaintiff contends that there is a genuine issue of fact as to whether Defendant had a duty to provide assistance. However, "[w]hether a duty exists is a question of law" for the Court to decide. *Warren v. Glascoe,* 880 So.2d 1034, 1037 (Miss.2004).

It is undisputed that Plaintiff was a business invitee of Defendant. Thus, Defendant's only duty under Mississippi law is to "keep the premises reasonably safe and, when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view." *Mayfield v. The Hairbender,* 903 So.2d 733, 737 (Miss.2005) (quotation marks and citations omitted). Plaintiff cites no mandatory or even persuasive caselaw that would impute an affirmative duty on Defendant to provide assistance to its customers when loading merchandise. If the Court were to hold that such duty existed, it would in essence be creating a new duty for proprietors that has not previously been recognized by Mississippi law. This Court does not have the authority to do such. The Court therefore concludes that, as a matter of law, Defendant did not have a duty to assist Plaintiff in loading the mower he had purchased.[3]

Further, there is no evidence in the record that Defendant breached its duty to provide a reasonably safe premises. Although Plaintiff avers that a mower being loaded into a truck is a hazardous condition that Defendant was or should have been aware of, Plaintiff overlooks the fact that he is solely responsible for creating the hazardous condition which caused injury to him. Without any assistance from a Wal–Mart employees, Plaintiff proceeded to drive the mower he had purchased up the ramps that he had rented and into the truck that he had also rented. As the United States Court of Appeals for the Fifth Circuit stated in *Lindsey v. Sears Roebuck & Co.,* 16 F.3d 616, 618 (5th Cir. 1994), "[t]he operator of a business ... is not an insurer against all injuries. Thus, merely providing the occurrence of an accident within the business premises is insufficient to prove liability; rather, the plaintiff must demonstrate that the operator of the business was negligent." (citations omitted). Plaintiff has offered no evidence that would indicate that Defendant was negligent in this case.

Accordingly, the Court finds that no genuine issues of material fact exist in this case and Defendant is entitled to judgment

---

**3.** Because Defendant had no duty to assist Plaintiff in loading the mower, whether the employee offered to assist Plaintiff is irrelevant.

as a matter of law. Defendant's Motion for Summary Judgment will therefore be granted.

## IV. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [docket entry no. 17] is hereby granted. This case is hereby dismissed with prejudice. A Final Judgment will be entered reflecting the final resolution of this matter.