JAMES, J.,
for the Court:
¶ 1. Rebecca Chandler, on behalf of her minor child, Pearson “Dutch” Chandler, filed suit against Mary Mahoney’s Inc., a restaurant located in Biloxi, Mississippi, alleging that Mary Mahoney’s breached its duty to keep its premises in a reasonably safe condition after Dutch sustained severe second- and third-degree burns from contact with a landscape light maintained on the premises. The Harrison County Circuit Court granted Mary Mahoney’s motion for summary judgment. Chandler appeals to this Court from that judgment. Upon review, we find that summary judgment was prematurely granted. Accordingly, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
¶ 2. On May 18, 2009, Dutch, a minor child, accompanied his family to Mary Ma-honey’s. As they waited for their meal to be served, Chandler along with Dona Po-mian, Chandler’s mother, took Dutch and his sister to play in a courtyard located on the restaurant property. Dutch, who was three years old and his sister, who was two years old, left the sidewalk to play in a garden area located approximately eight to nine feet from the walkway. The garden area contained a sculpture lighted by a landscape light set on the ground at its base. Dutch lost his balance and fell, sustaining severe second- and third-degree burns to his left leg caused by contact with the landscape light.
¶ 3. On September 15, 2010, Chandler filed a premises-liability action as mother and next friend of Dutch in the Circuit Court of Harrison County, Mississippi. Chandler’s complaint alleged that Mary Mahoney’s was negligent in maintaining “super hot lighting” and in failing to warn of the presence of a dangerous condition.
*974 ¶ 4. Mary Mahoney’s moved for summary judgment arguing that there was no genuine issue of material fact in dispute as a matter of law because the condition that Chandler complained had caused the alleged injury, a landscape light set in a flower bed eight feet from the sidewalk, did not amount to a dangerous condition.
¶ 5. On March 2, 2012, a hearing on Mary Mahoney’s motion for summary judgment was held. At the hearing, the trial court excluded from its consideration Chandler’s previously filed expert report prepared by E.J. Lacoste, an “Architect-Planner,” because the report was unsworn. The trial court also excluded a sworn affidavit executed by Lacoste because it was not filed until the morning of the hearing and was therefore untimely. On April 5, 2012, the trial court entered an order granting summary judgment in favor of Mary Mahoney’s, finding that Chandler failed to establish in the record that a dangerous condition existed. From this order, Chandler appeals raising the following issues: did the trial court err in finding no genuine issue of material fact as to the presence of a dangerous condition and was expert testimony essential to prove that a'dangerous condition existed?
STANDARD OF REVIEW
¶ 6. “We conduct a de novo review of a trial court’s grant or denial of a motion for summary judgment.” Parmenter v. J & B Enterprises, Inc., 99 So.3d 207, 213 (¶ 7) (Miss.Ct.App.2012). Under Rule 56(c) of the Mississippi Rules of Civil Procedure, summary judgment is proper “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(e) further provides:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein.... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
M.R.C.P. 56(e). In determining whether summary judgment was properly granted by a trial court, we view “the facts in the light most favorable to the nonmovant.” Parmenter, 99 So.3d at 213 (¶ 7). “The burden of demonstrating that there are no genuine issues of material fact is upon the movant, and the non-moving party must be given the benefit of every reasonable doubt.” Id.
DISCUSSION
¶ 7. Chandler claims the circuit court erred in granting summary judgment in favor of Mary Mahoney’s. She contends there was a material issue of fact regarding the existence of a dangerous condition on the premises that was created by Mary Mahoney’s. Namely, Chandler asserts that the presence of a landscape light capable of causing second- and third-degree burns constituted a dangerous condition.
¶ 8. In Mississippi, the owner of a business “owes a duty to an invitee to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions not readily apparent, which the owner or occupant knows of, or should know *975 of, in the exercise of reasonable care.” Thompson v. Chick-Fil-A, Inc., 923 So.2d 1049, 1052 (¶ 10) (Miss.Ct.App.2006) (citing Robinson v. Ratliff, 757 So.2d 1098, 1101 (¶ 12) (Miss.Ct.App.2000)). However, “[b]usiness owners are not strictly liable for injuries occurring on the premises, nor are they insurers of their invitees’ safety.” McCullar v. Boyd Tunica, Inc., 50 So.3d 1009, 1012 (¶ 14) (Miss.Ct.App.2010) (citing Martin v. Rankin Circle Apartments, 941 So.2d 854, 864 (¶ 45) (Miss.Ct.App.2006)).
¶ 9. Therefore, in order to prevail on her claim, Chandler must show “(1) a negligent act by the defendant caused the plaintiffs injury; or, (2) the defendant had actual knowledge of a dangerous condition, but failed to warn the plaintiff of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to the defendant.” Stanley v. Boyd Tunica, Inc., 29 So.3d 95, 97 (¶ 9) (Miss.Ct.App.2010) (quoting Byrne v. Wal-Mart Stores, Inc., 877 So.2d 462, 465 (¶ 5) (Miss.Ct.App.2003)). Each requires a showing of a dangerous condition; thus, a property owner cannot be found liable for the plaintiffs injury where no dangerous condition exists. Id. at (¶ 10).
¶ 10. The basis of Mary Maho-ney’s motion for summary judgment was that the landscape light did not constitute a dangerous condition for the purposes of premises liability. Mary Mahoney’s asserted that “as a matter of law, the condition the Plaintiff complains caused the alleged injury, a landscape light in a flower bed almost eight (8) feet from the sidewalk, does not amount to a dangerous condition.”
¶ 11. In granting summary judgment on behalf of Mary Mahoney’s, the circuit judge found that there was no genuine issue of material fact. Particularly, the circuit court found:
There is no evidence in this record which establishes that the light in question was a dangerous or hazardous condition or which establishes any negligence on the part of Mary Maho-ney’s .... Neither the mother not the grandmother testified to anything which would establish or tend to establish that the light, its location, or its installation was dangerous or hazardous. Their testimony simply involved the fact that [Dutch] apparently fell, that his leg was burned and that they believe he was burned by falling on or against the light- [W]ithout [La-coste’s] report and [a]ffidavit, there is nothing in this record to indicate that the light was unduly hot, that it was improperly mounted, or that there was anything else wrong with the light or its placement.
¶ 12. After reviewing the record, we find that a genuine issue of material fact exists as to the presence of a dangerous condition. The trial court’s grant of summary judgment rested on the finding that Chandler failed to show that the landscape light that caused Dutch’s injury was a dangerous condition. It is undisputed that Dutch was an invitee playing in the vicinity of the landscape light; the landscape light was installed and maintained by Mary Ma-honey’s; Dutch fell on or near the landscape light and sustained severe second- and third-degree burns to his leg. Further, there is nothing in the record that suggests that the garden area was roped off or that invitees were warned not to enter the area where Dutch was injured. We find this evidence to be beyond mere speculation and that it creates a sufficient triable issue for the jury regarding whether the landscape light ¿mounted to a dangerous condition and whether Dutch’s injury was caused by the dangerous condition.
*976 ¶ 13. Further, we find that the facts in this case do not require the testimony of an expert witness. Lacoste’s report was unsworn and his affidavit was not filed until the day of the hearing. The Mississippi Supreme Court has held that “the only unsworn matters available to a party opposing the motion for summary judgment are undenied allegations in his pleadings and admissions secured under Rule 36.” Thomas v. Greenwood Leflore Hosp., 970 So.2d 273, 277 (¶ 19) (Miss.Ct.App.2007) (citing Magee v. Transcon. Gas Pipe Line Corp., 551 So.2d 182, 186 (Miss.1989)). Therefore, the trial court acted within its discretion in electing not to consider the unsworn report. The trial court also acted within its discretion when it chose not to consider the untimely filed affidavit: Mississippi Rule of Civil Procedure 56(c) “requires that affidavits be served by the opposing party prior to the day of the hearing. Under Mississippi Rule of Civil Procedure 6(d), affidavits in opposition to a motion must be served no later than one day before the hearing, unless the court allows them to be served at a later time.” Maxwell v. Baptist Mem’l Hosp.-DeSoto, Inc., 15 So.3d 427, 434 (¶ 18) (Miss.Ct.App.2008).
¶ 14. Although the expert material was properly excluded, we find that the facts in this case do not require the testimony of an expert witness. Expert testimony is “designed to provide ‘scientific, technical, or other specialized knowledge’ to assist the trier of fact to understand the evidence or determine a fact in issue.” Utz v. Running & Rolling Trucking, Inc., 32 So.3d 450, 464 (¶ 34) (Miss.2010) (quoting M.R.E. 702). The issue of whether a landscape light that burns hot enough to cause severe burning is a dangerous condition does not require such testimony.
¶ 15. The dissenting opinion asserts that Chandler does not have any evidence to link the burn to the landscape light or to show that the light was inherently dangerous. Further, the dissent points out that the landscape light was not located in an area designated for patron use. We have adequately addressed these concerns above, but we will briefly address them again here. Although the dissenting opinion correctly points out that no one saw Dutch fall onto the light, Chandler claims that the light caused the burn and that Dutch was playing in the immediate vicinity of the light when he fell and, as a result, received severe burns to his leg. This Court has often held that for the purposes of summary judgment, “the non-moving party ... must be given the benefit of every reasonable doubt.” McGuffie v. Herrington, 966 So.2d 1274, 1277 (¶ 6) (Miss.Ct.App.2007) (quoting Lamar v. Thomas Fowler Trucking Inc., 956 So.2d 878, 881 (¶ 8) (Miss.2007)). Considering all the facts and evidence as a whole, we find a triable issue for the jury regarding whether the landscape light amounted to a dangerous condition and whether Dutch’s injury was caused by the dangerous condition. At trial, Chandler will have to convince a jury that the light was the source of the burn, but that is not for us to say here. Furthermore, “[i]n situations where there is doubt as to whether a genuine issue of material fact exists, ‘the trial judge should err on the side of denying the motion and permitting full trial on the merits.’ ” Todd v. First Baptist Church of W. Point, 993 So.2d 827, 829 (¶ 9) (Miss.2008) (quoting Am. Legion Ladnier Post No. 42 Inc. v. City of Ocean Springs, 562 So.2d 103, 106 (Miss.1990)).
CONCLUSION
¶ 16. In order to survive summary judgment in a premises-liability case, a plaintiff must show that the defendant created an unreasonably dangerous condition *977 or that the defendant had actual or constructive knowledge of a dangerous condition. Having found that Chandler has presented enough evidence to show that there are genuine issues of material fact regarding the liability of Mary Mahoney’s, we reverse and remand this case to the circuit court.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., GRIFFIS, P.J., AND ROBERTS, J., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. ISHEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY CARLTON, J.; IRVING, P.J., AND FAIR, J., JOIN IN PART. MAXWELL, J., NOT PARTICIPATING.