## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2013-CA-01617-COA

DIANA LOUISE SAWVELL                                                              APPELLANT

v.

GULFSIDE CASINO, INC.                                                              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/28/2013 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL W. CROSBY |
| ATTORNEYS FOR APPELLEE: | WALTER W. DUKES |
| | MATTHEW M. WILLIAMS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT |
| DISPOSITION: | AFFIRMED - 02/24/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., BARNES AND ISHEE, JJ.

### ISHEE, J., FOR THE COURT:

¶1.     In 2007, Diana Louise Sawvell was attacked and robbed by an unknown assailant in the parking lot of the Island View Casino and Resort — an establishment owned and operated by Gulfside Casino Inc. (Gulfside). In 2010, Sawvell sued Gulfside for allegedly failing to provide reasonable security measures to prevent the incident from occurring. After pretrial discovery took place, Gulfside filed a motion for summary judgment claiming that Sawvell failed to produce any evidence to support her claim. After hearings on the matter, the Harrison County Circuit Court granted the motion. Aggrieved, Sawvell now appeals. Finding no error, we affirm.

## STATEMENT OF FACTS

¶2.    Sawvell drove to Gulfside in the early morning hours of April 27, 2007, with the intent to enter the premises and play casino games inside. Upon her arrival, she parked in Gulfside's parking lot and exited her vehicle. She was then struck with a hard object, which she later identified as a gun, and was robbed by an unknown attacker.

¶3.    In 2010, she filed a complaint in the circuit court claiming that Gulfside did not implement reasonable security measures to protect her from the incident. Gulfside produced a timely answer and propounded written discovery. Sawvell refused to respond to written discovery. After the circuit court's failed attempt to compel Sawvell to respond, Gulfside filed a motion to dismiss or, alternatively, to compel sanctions. The circuit court scheduled a hearing on the matter that was delayed for almost a year. Ultimately, the circuit court denied Gulfside's motion to dismiss and granted its motion to compel sanctions.

¶4.    Thereafter, Sawvell was deposed twice. Sawvell admitted that at the time of her assault, there was no atmosphere of violence on Gulfside's premises, Gulfside could not have been aware of the violent nature of the individual who assaulted Sawvell, and Gulfside would not reasonably have foreseen the incident occurring on its premises. Gulfside soon filed a motion for summary judgment asserting that Sawvell failed to produce any testimony that would support her claim against Gulfside. Sawvell opposed the motion in part because she said Gulfside owed her a special duty of care. In support thereof, Sawvell filed affidavits claiming that she was persuaded to come to Gulfside instead of other casinos in the area because of the large signs in Gulfside's parking areas advising patrons of surveillance on a closed-circuit-monitoring system. After a hearing on the matter, the circuit court determined

2

that the affidavits were fraudulent. Sawvell could not identify the signature on the affidavits, nor could she recall ever executing them. The circuit court also granted Gulfside's motion for summary judgment on the grounds that the assault was not reasonably foreseeable and Gulfside upheld the duty owed to Sawvell on the premises.

## DISCUSSION

¶5.     The Mississippi Supreme Court has held that an appellate court "reviews a trial court's grant or denial of a motion for summary judgment or a motion to dismiss under a de novo standard." *Copiah Cnty. v. Oliver*, 51 So. 3d 205, 207 (¶7) (Miss. 2011) (citation omitted). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Palmer v. Anderson Infirmary Benevolent Ass'n*, 656 So. 2d 790, 794 (Miss. 1995) (quoting M.R.C.P. 56(c)). "[W]hen a party, opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to [a] judgment as a matter of law." *Galloway v. Travelers Ins. Co.*, 515 So. 2d 678, 684 (Miss. 1987). Furthermore, a party "may not rely solely upon the unsworn allegations in the pleadings, or arguments and assertions in briefs or legal memoranda. The party opposing the motion must, by affidavit or otherwise, set forth specific facts showing that there are indeed genuine issues for trial." *Palmer v. Biloxi Reg'l Med. Ctr.*, 564 So. 2d 1346, 1356 (Miss. 1990) (citations omitted). In order to create a genuine issue of material fact, an affidavit must: "(1) be sworn; (2) be made upon personal

3

knowledge; and (3) show that the party providing the factual evidence is competent to testify." *Id.* (citations omitted).

¶6. The central question is whether evidence exists that Gulfside is liable for the attack on Sawvell in its parking lot. It is well settled that Mississippi follows a traditional three-step analysis in determining whether a property owner is liable to an injured party in a premises-liability case. *Haggard v. Wal-Mart Stores Inc.*, 75 So. 3d 1120, 1124 (¶9) (Miss. 2013); *Leffler v. Sharp*, 891 So. 2d 152, 156 (¶10) (Miss. 2004). This analysis includes the following determinations: (1) the injured party's classification as an invitee, licensee, or trespasser at the time he or she was injured; (2) the duty owed by the defendant to the injured party; and (3) whether the defendant breached that duty. *Id.*

¶7. An invitee is one who enters the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage. *See Massey v. Tingle*, 867 So. 2d 235, 239 (¶13) (Miss. 2004). Therefore, there must be a mutual benefit exchanged by the injured party and the landowner for the injured party's status to be classified as an invitee. *Id.*

¶8. Here, it is clear that the circuit court properly deemed Sawvell to be an invitee of Gulfside. Sawvell was present on the premises at Gulfside's invitation to play casino games and participate in other related activities inside the building. These activities are mutually beneficial to both parties for financial and entertainment purposes. Thus, Gulfside was charged with "a duty of reasonable care to protect [Sawvell] from reasonably foreseeable injury." *Gatewood v. Sampson*, 812 So. 2d 212, 219 (¶13) (Miss. 2002) (citations omitted). It is without question that there are two ways to establish reasonable foreseeability: (1)

"actual or constructive knowledge of the assailant's violent nature"; or (2) "actual or constructive knowledge that an atmosphere of violence exists on the premises." *Double Quick Inc. v. Moore*, 73 So. 3d 1162, 1167 (¶16) (Miss. 2011) (citation omitted).

¶9. The fact that the assailant remains unidentified is undisputed by both parties. Furthermore, there is no evidence in the record before us that an atmosphere of violence existed on Gulfside's property. Indeed, as noted by the circuit court in its order, Sawvell conceded that there was not an atmosphere of violence at Gulfside at the time of the incident and that Gulfside did not assume any extra duty of care.

¶10. Nonetheless, Sawvell argues that the signs present in the parking lot advising of surveillance and monitoring created a "special relationship" between Gulfside and Sawvell. This is unsupported by the record. As mentioned previously, allegations must be supported by a qualifying affidavit or otherwise qualifying documentation in the record. *Palmer*, 564 So. 2d at 1355. The affidavits in question were stricken by the circuit court after it concluded that they were fraudulent. Furthermore, the affidavits appear to be the first mention in the record of the signage in question. The signs themselves and the legal argument regarding the signs were never mentioned in Sawvell's depositions or elsewhere in the record until Sawvell filed her response to Gulfside's motion for summary judgment. Moreover, Gulfside provided testimony from a criminologist who stated that, in his expert opinion, the incident was not reasonably foreseeable by Gulfside. Sawvell failed to rebut this opinion in any way.

¶11. Having reviewed all applicable documents, we fail to find error in the circuit court's judgment that the incident in question was not reasonably foreseeable by Gulfside. The grant of summary judgment was proper. Sawvell's issue on appeal is without merit.

5

¶12.    **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED.    ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.  JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**