# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01828-COA

**TIMOTHY VIVIANS**                                         **APPELLANT**

**v.**

**BAPTIST HEALTHPLEX, BECKY VRIELAND**        **APPELLEES**
**AND HELEN WILSON**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/20/2014 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | HOWARD BROWN |
| | MERRIDA COXWELL |
| ATTORNEYS FOR APPELLEES: | WADE G. MANOR |
| | JAMES LEROY BANKS IV |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | SUMMARY JUDGMENT GRANTED IN FAVOR OF APPELLEES |
| DISPOSITION: | AFFIRMED - 06/07/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND ISHEE, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     This is a premises-liability negligence action filed on February 16, 2010, by Timothy Vivians against Baptist Healthplex ("Baptist"); Becky Vrieland, Baptist's aquatics director; and Helen Wilson, an employee of Baptist Health Systems (collectively referred to as "Defendants").[1] On February 12, 2008, Vivians, a member of the health club, suffered a torn

---

[1] Originally, Vivians's wife was also a plaintiff, but an unopposed order to dismiss her claims was entered by the trial court on January 10, 2013.

rotator cuff when he slipped and fell backward upon entering Baptist's therapy pool. Vrieland and Wilson were apparently in the therapy-pool area when he fell and assisted him afterwards.[2] In his complaint, Vivians claimed that "[t]he Defendants had a duty of reasonable care to warn [him] of the danger of hi[s] being left unattended in the therapy pool, to keep its premises in a safe condition, and to prevent the injuries suffered by [Vivians] from occurring."

¶2. On June 6, 2014, after the deadline for discovery had expired, the Defendants filed a motion for summary judgment. The trial court granted the summary judgment motion and dismissed Vivians's claims with prejudice on August 21, 2014, finding that "[n]o genuine issue of material fact has been shown to establish that the Defendants were negligent in failing to maintain the therapy pool in a reasonably safe condition, and further, that there were no non-obvious dangers of which the Defendants failed to warn." The trial court also concluded that "there is no genuine issue of material fact to establish that either [Vrieland or Wilson] was independently negligent, or that said negligence was a cause of [Vivians's] fall and injuries."

¶3. Vivians filed a motion to reconsider, which was denied on December 21, 2014. He now appeals, claiming the trial court erred in granting the Defendants' motion for summary judgment. Finding no error, we affirm.

## STANDARD OF REVIEW

---

[2] There is no evidence to suggest Vivians was receiving any formal or scheduled physical therapy at the time of the incident, although he states that he consulted with Vrieland regarding some strengthening exercises for his back immediately prior to his fall.

¶4. A trial court's decision to grant summary judgment is reviewed de novo. *Bennett v. Highland Park Apartments LLC*, 170 So. 3d 450, 452 (¶4) (Miss. 2015). "[S]ummary judgment is proper only where there exists no genuine issue of material fact[,] and the moving party is entitled to a judgment as a matter of law." *Id*. (citing M.R.C.P. 56(c)).

## DISCUSSION

I. **Whether the trial court erred in finding no genuine issue of material fact existed regarding the dangerous condition of the therapy-pool steps.**

¶5. In its order granting summary judgment, the trial court found that Vivians "failed to present a genuine issue of material fact as to whether or not the subject steps were a dangerous condition and . . . failed to present any evidence that the Defendants committed any negligence which caused his injuries." Vivians argues that, because there were genuine issues of material fact as to whether the Defendants breached their duty of care to Vivians, the trial court erred in granting summary judgment.

¶6. In determining whether a property owner is liable to an injured party in a premises-liability case, Mississippi courts conduct an analysis of the three following factors: "(1) the injured party's classification as an invitee, licensee, or trespasser at the time he or she was injured; (2) the duty owed by the defendant to the injured party; and (3) whether the defendant breached that duty." *Sawvell v. Gulfside Casino Inc.*, 158 So. 3d 363, 366 (¶6) (Miss. Ct. App. 2015) (citations omitted). The parties have stipulated that Vivians was an invitee on Baptist's premises. Vivians's contention is that Baptist and its employees had knowledge that the therapy-pool steps constituted a dangerous condition and failed to warn

3

its members.

¶7.    "A business owner/operator owes to invitees the duty to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view." *Dickinson v. Vanderburg,* 141 So. 3d 455, 457 (¶7) (Miss. Ct. App. 2014) (quoting *Rod v. Home Depot USA Inc.,* 931 So. 2d 692, 694 (¶9) (Miss. Ct. App. 2006)). However, a business owner "is not required to insure against all injuries to invitees." *Boyd v. Magic Golf Inc.*, 52 So. 3d 455, 460 (¶15) (Miss. Ct. App. 2011). As this Court noted in *Thompson v. Chick-Fil-A Inc.*, 923 So. 2d 1049, 1052 (¶10) (Miss. Ct. App. 2006):

> There is no duty to warn of a defect or danger which is as well known to the invitee as to the landowner, or of dangers that are known to the invitee, or dangers that are obvious or should be obvious to the invitee in the exercise of ordinary care. *Grammar v. Dollar,* 911 So. 2d 619, 624 (¶12) (Miss. Ct. App. 2005). Additionally, the owner of a business does not insure the safety of its patrons. Rather, the owner of a business owes a duty to an invitee to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions not readily apparent, which the owner or occupant knows of, or should know of, in the exercise of reasonable care. *Robinson v. Ratliff,* 757 So. 2d 1098, 1101 (¶12) (Miss. Ct. App. 2000).

¶8.    To support his claim, Vivians submitted several incident reports from June 24, 2005, to December 20, 2010, involving the various pool areas at Baptist. Yet, as Vivians acknowledges, there was only a single instance of a fall on the therapy-pool steps *prior* to his 2008 incident. On June 24, 2005, another health club member, Sue Dockery, "slipped on the black tile" while walking down the therapy-pool steps. As this Court has stated, "[m]ere proof 'of the occurrence of a fall on a floor within the business premises is insufficient to show negligence on the part of the proprietor.'" *Bonner v. Imperial Palace of Miss. LLC*,

4

117 So. 3d 678, 682 (¶11) (Miss. Ct. App. 2013) (quoting *Stanley v. Boyd Tunica Inc.,* 29 So. 3d 95, 97 (¶8) (Miss. Ct. App. 2010)). Rather, "[e]vidence of prior accidents . . . is admissible only upon a showing of substantial similarity of conditions." *Yoste v. Wal-Mart Stores Inc.*, 822 So. 2d 935, 936 (¶8) (Miss. 2002). Except for the fact that it happened around the therapy pool, it is unclear whether the circumstances surrounding Dockery's fall were substantially similar to those surrounding Vivians's fall. There is no evidence that Dockery slipped on the same step as Vivians. Furthermore, Dockery's fall happened three years prior, and there is no evidence that the steps were in the same condition at the time of Vivians's incident. *See Bonner*, 117 So. 3d at 688 (¶33) (stating that "the other accidents may not be too remote in time from the accident at issue" and noting the Mississippi Supreme Court had found a one-year limitation "reasonable" (citing *Irby v. Travis,* 935 So. 2d 884, 895 (¶24) (Miss. 2006))).

¶9.     Although not directly addressed by our courts, other jurisdictions have found that this "substantial similarity of conditions" requirement also applies to evidence of subsequent accidents. The United States Court of Appeals for the Fifth Circuit has held that in order to admit evidence of a subsequent fall by a different business patron in the same area where the incident occurred, "the party offering same bears the burden of demonstrating that 'the accidents involved substantially similar circumstances.'" *Reddin v. Robinson Prop. Grp. Ltd. P'ship*, 239 F.3d 756, 760 (5th Cir. 2001) (quoting *Rodriguez v. Crown Equip. Corp.*, 923 F.2d 416, 418 (5th Cir. 1991)). Although the evidence demonstrates that five other Baptist members slipped on the therapy pool's steps subsequent to Vivians's accident, there is

5

insufficient evidence that the accidents occurred under or were caused by "substantially similar circumstances." The incident reports merely state that those members slipped on the steps while entering or exiting the therapy pool.[3]

¶10. The Louisiana Court of Appeal has held that while "evidence of prior accidents is admissible to show that a defendant had knowledge of a particular condition[,] subsequent accidents . . . are not relevant for this purpose." *Jones v. Par. of Jefferson*, 665 So. 2d 570, 572 (La. Ct. App. 1995) (citing *Lee v. K-Mart Corp.*, 483 So. 2d 609, 613 (La. Ct. App. 1985)). In this instance, we cannot perceive how the evidence of five *subsequent* incidents involving the therapy pool's steps between March 9, 2008, and December 20, 2010, supports Vivians's claim that Baptist had notice of a dangerous condition at the time of his fall.[4]

¶11. Evidence of subsequent accidents is, however, "relevant to establish that a thing is defective, provided that the accidents occurred at substantially the same place and under substantially the same conditions and are caused by the same or a similar defect as the accident sued upon." *Id*. As we have already discussed, Vivians has failed to show the other incidents occurred under substantially similar circumstances. Furthermore, Vivians has not provided any evidence that would create a question of fact as to whether there was any defect with the pool steps or the design of the steps. As noted by the Defendants, "there is no sworn

---

[3] Only two of the five accidents required any medical attention. One member suffered some minor swelling and cuts to her ankle; another suffered minor cuts to her knee and shin.

[4] Vivians also included accident reports involving other pool areas at Baptist (i.e., lap pool, etc.). Those are not relevant to our discussion of whether the steps of the therapy pool constituted a dangerous condition, as it has not been shown they were substantially similar in place or condition.

testimony from Vivians, or any other witness, concerning the specific condition of the therapy-pool steps on the date of the accident in question, much less that the steps were worn or otherwise in a state of disrepair." The only evidence he presents to this effect is testimony by Baptist's executive director, David Carpenter, that the surface of the therapy pool had been replastered. Vivians claims this repair was made after his fall and creates "a genuine issue of material fact as to whether the steps posed a dangerous condition prior to [his] fall." However, there is no evidence of when this repair was completed.[5] Notwithstanding, Mississippi Rule of Evidence 407 provides:

> When, after an injury or harm allegedly caused by an event, measures are taken which, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction.

Therefore, evidence of any subsequent remedial measures taken by Baptist would not be admissible to imply any negligence. *See Wactor v. John H. Moon & Sons Inc.*, 516 So. 2d 1364, 1366-67 (Miss. 1987) (noting Mississippi's well-established law that "it is improper to introduce evidence of subsequent remedial repairs to establish negligence").

¶12. Furthermore, Baptist said that it had signs posted around the pool area prior to Vivians's incident, warning that the pool surfaces are "slippery when wet." "[An] invitee is required to use that degree of care and prudence that a person of normal intelligence would

---

[5] During Carpenter's testimony, Vivians cited an email sent to members regarding repairs to the pool deck in 2010. Carpenter, however, stated that the replastering "did not have any impact on what we did to the pool deck because it's – it's a separate area." Carpenter claimed that he was not sure if "the replastering of the pool had been completed" by 2008.

exercise under the same or similar circumstances." *Tate v. S. Jitney Jungle Co.,* 650 So. 2d 1347, 1350 (Miss. 1995) (citing *General Tire & Rubber Co. v. Darnell,* 221 So. 2d 104, 107 (Miss. 1969)). Carpenter testified that the therapy pool has handrails and that, prior to 2008, Baptist had added abrasive, yellow "Caution" wrapping on those handrails "to try to bring more attention to that area, encouraging members to enter and exit not only the therapy pool[,] but the lap pool[,] with extreme caution."[6]

¶13.    In *Elgandy v. Boyd Mississippi Inc.*, 909 So. 2d 1202, 1206 (¶18) (Miss. Ct. App. 2005), we upheld the circuit court's grant of a motion for a directed verdict, as the plaintiff, who had slipped getting in a jacuzzi, "produced no evidence, other than her own highly speculative testimony, that there was in fact any slippery substance (other than water) in and around the jacuzzi." As Vivians failed to produce sufficient evidence that a genuine issue of material fact exists as to whether the therapy-pool steps constituted a dangerous condition, or that Baptist had any knowledge of any dangerous condition, we find no merit to this claim.

**II.      Whether expert testimony was required to prove a dangerous condition existed.**

¶14.    The circuit court noted in its order that Vivians did not present expert testimony to support his claim that the steps constituted a dangerous condition. Vivians argues that "the presence and absence of []expert testimony is not always determinative to the issue of summary judgment." We agree. "In order to survive summary judgment in a premises-liability case, a plaintiff must show that the defendant created an unreasonably dangerous

---

[6] Carpenter did acknowledge that he was not certain of the date when the additional wrapping was added, but he testified that "after Dockery's incident report, which was June of 2005, [Baptist] took steps to put some additional wrapping on the handrails."

condition or that the defendant had actual or constructive knowledge of a dangerous condition." *Chandler v. Mary Mahoney's Inc.*, 126 So. 3d 972, 976-77 (¶16) (Miss. Ct. App. 2013). In *Chandler*, we concluded that the determination of whether landscape lighting, which caused the plaintiff's injury, constituted a dangerous condition did not require expert testimony. *Id*. at 975-76 (¶¶12-16). Baptist does not challenge Vivians's argument that expert testimony is not required, but asserts that it was necessary in the present case "to explain why the level of traction on the step fell below industry standards[.]"

¶15.    Notwithstanding these arguments, it is apparent from the record that the trial court did not grant summary judgment based on Vivians's failure to provide expert testimony that the stairs constituted a dangerous condition. Rather, the court merely concluded: "There has been no evidence presented to this [c]ourt, through expert testimony *or otherwise*, of the existence of any other duties in that regard, and therefore, no genuine issue of material fact exists." (Emphasis added). Thus, while we agree that failure to provide expert testimony is not necessarily determinative of summary judgment, we find it a moot argument in this instance, as the trial court did not grant summary judgment to Baptist solely based on the lack of expert testimony by Vivians.

### III.    Whether the Baptist employees, Vrieland and Wilson, had a duty to take notice of Vivians's physical condition and advise him of the availability of the handicap pool chair and how to operate it.

¶16.    The circuit court found there was no genuine issue of material fact as to whether Vrieland or Wilson were independently negligent or that their negligence caused Vivians's injuries. Vivians asserts that both Vrieland and Wilson "were in the pool area of Baptist

9

when [he] fell," and they owed him a legal duty "to use reasonable care and to warn [him] of any dangerous conditions." He acknowledges, however, that it is unclear "to what extent [Wilson] witnessed the incident." With respect to Vrieland, Vivians notes that he spoke to her prior to the fall, and contends that she knew he used a walking cane and was "in a vulnerable position," but failed to offer him any assistance in accessing the therapy pool. He claims that the failure to assist him was a violation of a duty of care. Baptist counters that its employees owed no legal duty to Vivians; they were not his medical providers or physical therapists. It notes that the record "is devoid of a written contract under which Vrieland or Wilson was required to assist Vivians . . . with the performance of exercises in the therapy pool."

¶17. In *Ghaemmahami v. Wal-Mart Stores Inc.*, 442 F. Supp. 2d 354, 356 (S.D. Miss. 2006), the district court held that, under Mississippi law, a store did not have a duty to help a customer load a riding lawn mower he had just purchased, and thus the store was not liable for injuries the customer sustained while loading the mower onto his truck, *even if the store knew or should have known that loading the mower into the truck was hazardous. See also Riddle v. Lowe's Home Ctrs. Inc.*, 802 F. Supp. 2d 900, 905 (M.D. Tenn. 2011) (dismissing negligence claim, as employee did not have duty to assist customer in loading the plywood he had purchased).

¶18. We agree with the trial court that Vivians failed to provide a legal basis for his claim that Vrieland and Wilson had a duty to assist him in entering the therapy pool. They were not attending to Vivians as his therapists. Furthermore, Vivians did not ask for any

10

assistance in entering the pool. There is also no evidence presented that Vrieland or Wilson was aware any dangerous condition existed related to the therapy-pool steps. This issue is without merit.

¶19. As Vivians failed to present any evidence that Baptist and its employees breached any duty owed to him as an invitee, we affirm the trial court's order granting summary judgment.

¶20. **THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY, FIRST JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**

11